■ SHUJI YAGI, Appellant, v THOR CORBIN et al., Respondents. [843 NYS2d 276]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered May 17, 2006, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The affirmed medical report of defendants' orthopedist, detailing the objective tests performed, finding that plaintiff had full range of motion in his cervical and lumbar spine, and concluding that he had recovered from the sprain- and strain-type injuries to his cervical, thoracic and lumbar spine suffered as a result of the accident, satisfied their burden of establishing prima facie that plaintiff did not suffer a serious injury (*see Gaddy v Eyler*, 79 NY2d 955, 956 [1992]). The burden then shifted to plaintiff to raise a triable issue of fact that a serious injury was sustained within the meaning of the Insurance Law (*see Thompson v Abbasi*, 15 AD3d 95, 97 [2005]).

Plaintiff failed to meet that burden because his expert's report, dated nearly three years after his last treatment of plaintiff, does not satisfactorily explain why plaintiff terminated treatment. Therefore, notwithstanding the objective medical proof offered by plaintiff, "when additional contributory factors interrupt the chain of causation . . .—such as a gap in treatment . . . or a preexisting condition—summary dismissal of the complaint may be appropriate" (*see Pommells v Perez*, 4 NY3d 566, 572 [2005]). Not only was there an unexplained gap in treatment of nearly three years, but plaintiff also had a preexisting shoulder injury, which was not sufficiently addressed.

We have considered plaintiff's remaining contentions and find them without merit. Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ.