OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, the order granting defendant’s motion to dismiss the action is vacated, defendant’s motion is denied, and the action is reinstated.
Plaintiff, a client of defendant brokerage firm, commenced this small claims action to recover the sum of $4,800 in accounting overcharges. At the commencement of the nonjury trial, defendant orally moved to dismiss the action, apparently pursuant to CPLR 3211 (a) (1), arguing that the dispute was subject to an arbitration clause contained in a brokerage agreement which bears plaintiffs electronic signature. Defendant submitted the agreement to the court, and, over plaintiff’s objections, the court granted the motion and entered judgment dismissing the *34 action. On appeal, plaintiff argues, essentially, that the oral motion to dismiss should not have been granted and was procedurally improper, that the electronic signatures on documents executed subsequent to the parties’ initial agreement were unauthorized, that the brokerage agreement was invalid, and that enforcement of the arbitration clause would unfairly inhibit his right to litigate a meritorious defense.
Plaintiff’s claims are without merit. The Electronic Signatures and Records Act provides that “an electronic signature may be used by any person in lieu of a signature affixed by hand” and that such a signature “shall have the same validity and effect as the use of a signature affixed by hand” (State Technology Law § 304 [2]; e.g. Naldi v Grunberg, 80 AD3d 1, 10-11 [2010]; People v Johnson, 31 Misc 3d 145[A], 2011 NY Slip Op 50933[U] [App Term, 9th & 10th Jud Dists 2011]). Plaintiff does not deny that his electronic signature was placed on an initial brokerage agreement which contained an arbitration clause, at his direction, in lieu of his handwritten signature (cf. Adler v 20/20 Cos., 82 AD3d 918, 920 [2011]). Plaintiff did not object at trial to the sufficiency of defendant’s proof of this signature and of the validity of the initial brokerage agreement (see CPLR 4518 [a]; 4539 [b]; State Technology Law § 306), nor did he deny that the parties’ initial agreement bound the parties. Indeed, the parties’ initial agreement is the basis of plaintiff’s claim of overcharge. The Civil Court determined that the initial agreement contained an arbitration clause, that the clause was enforceable and applied to the subject matter of plaintiff’s cause of action, and that plaintiff’s electronic signature thereon was valid. Such determinations are properly for a trial court to make (Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 45 [1997]; Zachariou v Manios, 68 AD3d 539, 539-540 [2009]), and there is nothing in the available record that requires a different result. We note that, as there is no dispute that the electronic signature on the initial brokerage agreement was valid, the issue of whether subsequent documents allegedly executed by the parties contained unauthorized signatures is academic for purposes of the enforceability of the initial brokerage agreement’s arbitration clause, and the documents’ relevance, if any, to the merits of the parties’ dispute is a matter for the arbitrator to resolve.
Plaintiff also has not established why enforcing the arbitration agreement would be unfair or unconscionable. “Arbitration is a favored method of dispute resolution in New *35 York . . . and New York courts interfere as little as possible with the freedom of consenting parties to submit disputes to arbitration” (Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 93 [1991] [internal quotation marks and citations omitted]). When an action is brought in court and a party establishes the existence of an arbitration agreement, the “long and strong public policy favoring arbitration” (Matter of Smith Barney Shearson v Sacharow, 91 NY2d at 49) requires that such agreements generally be enforced without regard to the particular merits of a claim.
However, we agree with plaintiff that the court should not have granted defendant’s motion to dismiss, because a motion to dismiss the action on the stated ground was improper. The existence of an agreement to arbitrate is not a defense to an action and it “may not be the basis of a motion to dismiss a complaint based on documentary evidence” (Curran v Estate of Curran, 87 AD3d 607 [2011]; see also Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y., 45 NY2d 735, 738 [1978]). A party may make a proper and timely motion to compel arbitration pursuant to CPLR 7503 (a), and the remedy is to stay the action pending the arbitration (Nachman v Jenelo Corp., 25 AD3d 593 [2006]).
Accordingly, the judgment entered pursuant to the order granting defendant’s motion to dismiss the action is reversed, the order is vacated, defendant’s motion to dismiss the action is denied, and the action is reinstated.
Steinhardt, J.E, Pesce and Weston, JJ., concur.