■ SHARON GRAY WILLIAMS, Appellant, v KARL W. TATHAM et al., Respondents. [938 NYS2d 75]—

Defendants established their prima facie entitlement to judgment as a matter of law, as to both the permanent and nonpermanent categories of serious injury, by submitting evidence, in the form of an affirmed report from a radiologist, demonstrating that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) since the MRI

films revealed evidence of degeneration in plaintiff's back and right shoulder that preexisted the accident (*see Linton v Nawaz*, 62 AD3d 434, 438 [2009], *affd* 14 NY3d 821 [2010]; *Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669 [2007]; *Yagi v Corbin*, 44 AD3d 440 [2007]; *Thompson v Abbasi*, 15 AD3d 95, 96 [2005]).

In opposition, however, plaintiff submitted an affidavit from her treating chiropractor who medically examined her several times, employed objective range of motion testing, found restricted range of motion in plaintiff's lumbar and cervical spine, and thereafter concluded that "as a direct result of the accident [plaintiff] sustained permanent injury to her spine, muscular, and neurological systems." Accordingly, with respect to the permanent categories of serious injury alleged, plaintiff, by submitting expert opinion "attributing the injuries to a different, yet altogether equally plausible, cause, that is, the accident" (*Linton* at 439-440; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [2011]), raised an issue of fact with respect to whether she sustained a serious injury thereby precluding summary judgment in defendants' favor (*id.*; *Lavali v Lavali*, 89 AD3d 574, 575 [2011] [expert opinion that plaintiff's injuries were degenerative in nature and thus unrelated to her accident sufficiently rebutted by opinion of plaintiff's expert, who upon a physical examination of the plaintiff opined that plaintiff's injuries were caused by the accident]).

Plaintiff also established that she sustained a medically determined injury, which prevented her from performing her usual and customary daily activities for not less than 90 days during the 180 days immediately following this accident. She thus raised an issue of fact precluding summary judgment with respect to this nonpermanent category of serious injury (*Padilla v Style Mgt. Co.*, 256 AD2d 27 [1998]). Specifically, plaintiff's chiropractor stated that upon an examination performed two days after plaintiff's accident, he concluded that as a result of this accident plaintiff sustained an injury to her spine, and he therefore advised her to refrain from engaging in certain activities, such as cleaning, shopping, and walking. Moreover, plaintiff, by affidavit, stated that subsequent to this accident she was confined to her home for approximately six months and was unable to clean, shop, or carry bags (*cf. Mercado-Arif v Garcia*, 74 AD3d 446, 447 [2010] ["chiropractor's statement that plaintiff was told to limit her physical activities for approximately four months was too general to constitute the requisite competent medical proof to substantiate the claim"]).

To the extent that plaintiff seeks to appeal from the motion court's denial of her motion to reargue, that portion of her ap-

peal is hereby dismissed because a denial of reargument is not appealable (see CPLR 5701 [a] [2] [viii]; *Prime Income Asset Mgt., Inc. v American Real Estate Holdings L.P.*, 82 AD3d 550, 551 [2011], *lv denied* 17 NY3d 705 [2011]). In view of our reversal of the motion court's determination as to summary judgment, plaintiff's appeal from the court's order, tacitly denying renewal is dismissed as academic.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.