[948 NYS2d 21]

ANTHONY MARTIN, Respondent, v PORTEXIT CORP. et al., Appellants, et al., Defendant.

First Department, June 21, 2012

64

## APPEARANCES OF COUNSEL

*Baker, McEvoy, Morrissey & Moskovits, P.C.*, New York City (*Stacy R. Seldin* of counsel), for appellants.

*Harold Chetrick, P.C.*, New York City (*Harold Chetrick* of counsel), for respondent.

## OPINION OF THE COURT

ABDUS-SALAAM, J.

This case requires us to decide whether a physician's affirmation containing an electronic signature complies with CPLR 2106. We find that it does.

In this personal injury action, defendants moved for summary judgment, asserting that plaintiff had not sustained a serious injury. The affirmations of defendants' medical experts each bore the electronic signature of the physician. In opposition to the motion, plaintiff argued that the affirmations did not comply with CPLR 2106, and were thus inadmissible. The motion court decided the motion without addressing this issue, and considered the affirmations in determining that defendants had made a prima facie showing of entitlement to summary judgment and plaintiff had failed to raise an issue of fact. Plaintiff moved for reargument, asserting that the court had failed to address his contention that the affirmations of defendants' experts were inadmissible. The court granted reargument, and upon reargument, held that the affirmations were inadmissible and vacated the order granting summary judgment to defendants.

The motion for reargument was properly granted because the court overlooked the arguments plaintiff initially set forth in opposition to defendants' motion regarding the electronic signatures on the doctors' affirmations (*see* CPLR 2221 [d] [2]). However, the court erred in vacating the order on the ground

that the affirmations were inadmissable because they bore the electronic signatures of the doctors, and that accordingly, defendants had failed to make a prima facie showing of entitlement to summary judgment.

■ State Technology Law § 304 (2) provides that "unless specifically provided otherwise by law, an electronic signature may be used by a person in lieu of a signature affixed by hand. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand" (*see Wen Zong Yu v Charles Schwab & Co., Inc.*, 34 Misc 3d 32 [2011]; *People v Johnson*, 31 Misc 3d 145[A], 2011 NY Slip Op 50933[U] [2011]; *Alpha Capital Anstalt v Qtrax, Inc.*, 26 Misc 3d 1234[A], 2010 NY Slip Op 50366[U] [2010]). CPLR 2106, which provides for affirmations by attorneys, physicians, osteopaths and dentists, does not specifically provide that an electronic signature may not be used and that the signature may only be affixed by hand.

In *Naldi v Grunberg* (80 AD3d 1, 12 [2010], *lv denied* 16 NY3d 711 [2011]), we held that the Legislature "appear[s] to have chosen to incorporate the substantive terms of E-SIGN [Electronic Signatures in Global and National Commerce Act (15 USC § 7001 *et seq.*)] into New York state law." Notably, E-SIGN provides that where a statute requires a signature to be notarized, acknowledged, verified, or made under oath, "that requirement is satisfied if the electronic signature of the person authorized to perform those acts, together with all other information required to be included . . . , is attached to or logically associated with the signature or record" (15 USC § 7001 [g]). In *Naldi*, we concluded that "E-SIGN'S requirement that an electronically memorialized and subscribed contract be given the same legal effect as a contract memorialized and subscribed on paper" is New York law. We therefore held that the terms "writing" and "subscribed" in General Obligations Law § 5-703 should be construed to include, respectively, electronic communications and signatures (80 AD3d at 12).

■ There is no sound reason to treat the term "subscribed" as used in CPLR 2106 any differently than it is used in the statute of frauds. The Second Department's decision in *Vista Surgical Supplies, Inc. v Travelers Ins. Co.* (50 AD3d 778 [2008]), upon which the motion court relied in concluding that the doctors' reports were inadmissible, is unpersuasive, and we decline to follow it. In that case, the Court held that the reports containing the computerized, affixed or stamped facsimiles of the

physician's signature failed to comply with CPLR 2106 in that there was no indication as to who placed them on the reports, or any indicia that the signatures were authorized (*see also Rogy Med., P.C. v Mercury Cas. Co.*, 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [2009]). However, requiring such additional information imports a requirement not contemplated or included in either E-SIGN's provision for signatures made under oath (*see* 15 USC § 7001 [g]), or State Technology Law § 304 (2).[1] Additionally, State Technology Law § 306 provides that in any legal proceeding where the CPLR applies, an electronic record or signature may be admitted into evidence pursuant to article 45 of the CPLR. Based upon the foregoing, we conclude that the electronic signatures complied with CPLR 2106, that the affirmations of defendants' medical experts were admissible and that the affirmations should have been considered by the motion court.[2]

■ Upon our consideration of the affirmations, we find that defendants made a prima facie showing that plaintiff did not sustain a serious injury to his cervical spine, right shoulder, right knee, and neck. Defendants' examining orthopedist and neurologist found normal ranges of motion of the cervical spine, lumbar spine, shoulders and right knee. Their radiologist reported that MRIs of plaintiff's right knee and cervical spine were normal, and that the MRI of plaintiff's lumbar spine found degenerative changes at L5/S1, with no radiographic evidence of traumatic or causally related injury to the lumbar spine.

Plaintiff's opposition raised triable issues as to the extent of the injuries and causation. His chiropractor and physiatrist reported permanent limitations in range of motion of the cervical and lumbar spines, neck, and right knee, and that all range

---

1. [3] In opposition to plaintiff's motion for reargument, defendants submitted an affirmation by each physician stating, in substance, that the signature on the affirmed report is his signature which has been electronically signed in accordance with the Electronic Signatures and Records Act and State Technology Law § 304. We find that such additional submission was unnecessary and that the affirmations were admissible without this information (the motion court further erred when it held that even this information was insufficient because the physicians had not stated that they themselves had placed the electronic signature on the report).

2. In *Williams v Tatham* (92 AD3d 472 [2012]), we held that defendants had established their prima facie entitlement to summary judgment through submission of an affirmed report from a radiologist. Although not expressly addressed in that order, the record shows that the radiologist's report in *Williams* had an electronic signature.

of motion data was objectively obtained through the use of a handheld goniometer. The report of the radiologist found evidence of bulging and herniated discs and a partial intrasubstance meniscal tear. The chiropractor opined that plaintiff's injuries and permanent limitations were causally related to the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Linton v Nawaz*, 62 AD3d 434 [2009], *affd* 14 NY3d 821 [2010]). He also disagreed with the finding of defendant's radiologist that there are degenerative changes at L5/S1 (*Seck v Balla*, 92 AD3d 543 [2012]). The alleged gap in plaintiff's treatment was adequately explained in that plaintiff reached the maximum benefits for active physiotherapy in April 2006 (*see e.g. Bonilla v Abdullah*, 90 AD3d 466 [2011]).

▮ Finally, plaintiff's claim under the 90/180-day category of serious injury was properly dismissed based on plaintiff's testimony that he returned to work on a part time/light duty schedule approximately three weeks after the accident (*Seck* at 544). Plaintiff's testimony that he was terminated during the relevant period due to his inability to perform his work without the assistance of a helper, unsupported by any documentation from his employer, is insufficient to support his claim (*Winters v Cruz*, 90 AD3d 412 [2011]; *Dembele v Cambisaca*, 59 AD3d 352 [2009]).

Accordingly, the order of the Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered February 8, 2011, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion to reargue a prior order granting defendants' motion for summary judgment dismissing the complaint as against them on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and, upon reargument, vacated the prior order, and denied defendants' motion for summary judgment, should be modified, on the law, to grant defendants' motion to the extent of dismissing plaintiff's 90/180-day claim, and otherwise affirmed, without costs.

MAZZARELLI, J.P., CATTERSON, RENWICK and MANZANET-DANIELS, JJ., concur.

Order, Supreme Court, Bronx County, entered February 8, 2011, modified, on the law, to the extent of dismissing plaintiff's 90/180-day claim, and otherwise affirmed, without costs.