Defendant established prima facie that plaintiff did not sustain a “permanent consequential” or “significant” limitation of use of the spine by submitting the affirmed report of a neurologist noting the absence of permanent neurological disabilities, full ranges of motion, and negative objective tests (see Barry v Arias, 94 AD3d 499, 499 [1st Dept 2012]). Defendant also made a prima facie showing that plaintiffs injuries were not causally related to the accident by submitting the affirmed *486 MRI reports of a radiologist who concluded that the changes observed in the spine were degenerative (Gibbs v Reid, 94 AD3d 636, 637 [1st Dept 2012]).
In opposition, plaintiff raised a triable issue of fact as to existence of a permanent consequential or significant limitation of use of her lumbar spine. The affirmed report of her radiologist showed disc herniations, root impingements, and bulging discs, and her treating physician performed EMG studies confirming radiculopathies in the spine. The treating physician also reported quantified range-of-motion limitations and positive tests during the course of treatment (see Williams v Tatham, 92 AD3d 472, 473 [1st Dept 2012]). The treating physician’s affirmation also raised a triable issue of fact as to causation, as she opined that plaintiffs injuries were causally related to the accident based on, among other things, the fact that plaintiff was asymptomatic and had an active lifestyle for several years before the accident (see Perl v Meher, 18 NY3d 208, 219 [2011]; Seek v Balla, 92 AD3d 543, 544 [1st Dept 2012]).
As to the 90/180-day claim, although defendant did not submit any evidence disproving plaintiffs testimony that she was unable to work for six months due to a medically determined injury, he met his prima facie burden by submitting evidence that plaintiff’s injuries were not caused by the accident (see James v Perez, 95 AD3d 788, 789 [1st Dept 2012]). Plaintiff, however, raised an issue of fact and established prima facie existence of a 90/180-day injury by submitting her physician’s affirmation stating that the injuries caused by the accident prevented plaintiff from working and performing her regular daily activities during the requisite period, that plaintiff returned to work six months after the accident against the doctor’s medical advice, and that plaintiff was partially disabled during the period (see Williams, 92 AD3d at 473). Thus, defendant was properly denied summary judgment, and the issue of fact as to causation precludes granting plaintiff partial summary judgment. Concur — Saxe, J.E, Sweeny, Richter, AbdusSalaam and Román, JJ.