■ Laura J. Pietropinto, Respondent, v Raschell Benjamin, Appellant. [961 NYS2d 461]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 18, 2012, which, upon reargument, in this action for personal injuries allegedly sustained when plaintiff pedestrian was struck by defendant's vehicle as she crossed the street, vacated its prior order granting defendant's motion for summary judgment dismissing the complaint for failure to meet the serious injury threshold of Insurance Law § 5102 (d), and denied defendant's motion, unanimously affirmed, without costs.

Defendant's motion for summary judgment was initially granted on the basis that, in response to defendant's prima facie showing of lack of serious injury, plaintiff failed to make a showing of limitation of range of motion contemporaneous with the accident or to explain her delay in seeking treatment after the accident. Plaintiff, relying upon the Court of Appeals' decision in *Perl v Meher* (18 NY3d 208 [2011]), moved to renew and reargue. She contended that the absence of contemporaneous range of motion measurements was not fatal to her claim of serious injury to her lumbar spine and that she had adequately demonstrated that her back injuries were caused by the accident.

The record demonstrates that defendant made a prima facie showing that plaintiff did not sustain a serious injury. Defendant submitted the affirmed reports of a neurologist, who found an absence of significant limitations, and of his radiologist, who opined that the disc bulges depicted in plaintiff's MRI were degenerative, which also "strongly suggest[ed]" that the disc herniation was degenerative as well. The fact that the neurologist's report was electronically signed does not render it inadmissible (*see Martin v Portexit Corp.*, 98 AD3d 63, 65-67 [1st Dept 2012]).

In opposition, plaintiff raised a triable issue of fact as to the existence of a "permanent consequential" or "significant limitation" of use of her lumbar spine. Although the MRI report of plaintiff's radiologist is unaffirmed, it is undisputed that the MRI film showed a disc bulge and herniation at the L5-S1 level. The affirmation of plaintiff's orthopedist showing recent quantified range of motion limitations, positive tests, and permanency provided the requisite proof of limitations and duration of the

disc injuries (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). The orthopedist's affirmation also raised a triable issue as to causation by addressing and disputing the opinion of defendant's radiologist of a degenerative condition, and opining that the disc pathology at the L4-L5 and L5-S1 levels was traumatic in origin (*see Colon v Bernabe*, 65 AD3d 969, 970 [1st Dept 2009]).

Contrary to defendant's contention, the court properly found that plaintiff's testimony, together with the emergency room records and medical records of her primary care physician, provided sufficient evidence that she sought treatment for lower back pain two days after the accident, to demonstrate a causal link between the back injuries and the accident (*see Perl*, 18 NY3d at 217-218; *Salman v Rosario*, 87 AD3d 482, 484 [1st Dept 2011]). The motion court properly considered the unaffirmed medical records for this purpose, since they were not the sole basis for plaintiff's opposition (*see Clemmer v Drah Cab Corp.*, 74 AD3d 660, 661 [1st Dept 2010]).

It is noted, however, that the record establishes, and plaintiff does not dispute, that there is no viable 90/180-day claim in light of plaintiff's testimony that she only missed a couple of days of work after the accident (*see e.g. Haniff v Khan*, 101 AD3d 643 [1st Dept 2012]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Saxe, Freedman and Feinman, JJ.