Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered March 27, 2012, which, insofar as appealed from as limited by the briefs, granted defendant Richard C. Weir’s motion for summary judgment dismissing plaintiff Johanna Feliz’s claim of serious injury, within the meaning of Insurance Law § 5102 (d), under the 90/180-day category, unanimously reversed, on the law, without costs, and the motion denied.
Defendant Weir met his prima facie burden of showing that plaintiff did not suffer a serious injury under the 90/180-day category by submitting reports of two physicians and a chiropractor, all of whom examined plaintiff during the relevant period and opined that her injuries had fully resolved and that she was not disabled (see Jeffers v Style Tr. Inc., 99 AD3d 576, 578 [1st Dept 2012]).
In opposition, plaintiff raised an issue of fact by submitting evidence that she did not go to work and received disability benefits for over 90 days during the 180 days following her accident, as well as medical reports of her treating physician and of a radiologist who found objective MRI evidence of injury to her cervical spine and left knee. Plaintiffs treating physician found continuing range of motion limitations in her cervical spine and left knee throughout the relevant period, which prevented her from working and performing regular daily activities during the relevant time period, and rendered her totally disabled (see Pannell-Thomas v Bath, 99 AD3d 485, 485-486 [1st Dept 2012]; Williams v Tatham, 92 AD3d 472, 473 [1st Dept 2012]). This opinion was not merely conclusory or “too general” to raise an issue of fact (see Blake v Portexit Corp., 69 AD3d 426, 426-427 [1st Dept 2010]). In addition, plaintiffs physician opined that plaintiffs cervical and knee injuries were caused by the accident, in light of her young age and absence of prior his *469 tory of similar injuries, thereby raising an issue of fact as to causation (see Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). The documents showing that plaintiff received disability insurance payments during the relevant period, although not submitted in admissible form, can properly be considered in opposition to defendant’s motion for summary judgment because they were not the only evidence submitted on the issue of plaintiffs disability during the relevant period (see Rivera v Super Star Leasing, Inc., 57 AD3d 288 [1st Dept 2008]). Concur — Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.