Order, Supreme Court, Bronx County (Julia I. Rodriguez, J), entered on or about June 25, 2013, which, to the extent appealed from, denied plaintiffs motion for partial summary judgment on the issue of liability, unanimously modified, on the law, the motion granted as against defendants Danco Inc. and Milan Racan, and otherwise affirmed, without costs.
It is well settled that when a rear-end collision occurs, “the driver of the front vehicle is entitled to summary judgment on liability, unless the driver of the following vehicle can provide a nonnegligent explanation for the collision” (Santana v Tic-Tak Limo Corp., 106 AD3d 572, 573-574 [1st Dept 2013]). Here, plaintiff met her prima facie burden by submitting an affidavit stating that her car had come to a stop at the time that it was hit in the rear by defendant Jiminez’s car. Plaintiff also submitted a certified copy of the police accident report which buttresses her sworn statement (see Voskin v Lemel, 52 AD3d 503 [2d Dept 2008]).
In opposition, defendant Jiminez submitted an affidavit averring that her car was also stopped before the accident, and was hit in the rear by the vehicle owned by defendant Danco and operated by defendant Racan, thereby proffering a nonnegligent explanation for her collision with plaintiff’s car. Defendants Danco and Racan, however, did not submit any affidavit or other admissible evidence to raise an issue of fact as to whether there was a nonnegligent explanation for the collision. Their objection that plaintiff’s summary judgment motion was premature because there had not yet been any discovery, was an insufficient basis for denying the motion since the relevant facts would be within Racan’s knowledge and they failed to explain what discovery was needed to oppose the motion (see Soto-Maroquin v Mellet, 63 AD3d 449 [1st Dept 2009]; CPLR 3212 [f]).
Concur — Tom, J.E, Friedman, Manzanet-Daniels, Gische and Clark, JJ.