■ Victor R. Pantojas, Appellant, et al., Plaintiff, v Lajara Auto Corp. et al., Respondents. [986 NYS2d 87]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered August 29, 2012, which granted defendants' motion for summary judgment dismissing the complaint as to plaintiff Victor R. Pantojas (plaintiff) for failure to meet the serious injury threshold pursuant to Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff alleges that he sustained serious injuries to his left knee, cervical spine, and lumbar spine as a result of a motor vehicle accident while he was a passenger in defendants' car. Defendants established prima facie that plaintiff did not sustain a significant or permanent consequential limitation in any of the claimed parts of the body by submitting the affirmed report of their orthopedist finding normal range of motion and normal tests results (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). The burden thus shifted to plaintiff to raise a triable issue of fact.

As to plaintiff's proof, although his chiropractor's report was not notarized (CPLR 2106; Barry v Arias, 94 AD3d 499, 500 [1st Dept 2012]), it may be considered to the extent it did not constitute the sole basis for plaintiff's opposition (see Pietropinto v Benjamin, 104 AD3d 617, 618 [1st Dept 2013]), which also included the affirmed findings of plaintiff's orthopedist concerning the left knee and lumbar spine. The conclusions of plaintiff's experts insofar as they relied on the unaffirmed MRI reports showing injuries may be considered, given that defendants' own expert incorporated and relied on those unaffirmed reports in

rendering his opinion (*see Amamedi v Archibala,* 70 AD3d 449 [1st Dept 2010], *lv denied* 15 NY3d 713 [2010]; *Bent v Jackson,* 15 AD3d 46, 47-48 [1st Dept 2005]).

Plaintiff failed to raise a triable issue of fact as to the knee, since his chiropractor did not set forth limitations in use of the knee in qualitative or quantitative terms (*see Toure,* 98 NY2d at 350), and his orthopedist's findings of range of motion limitations were not significant or consequential (*see Canelo v Genolg Tr., Inc.,* 82 AD3d 584, 585 [1st Dept 2011]; *Arrowood v Lowinger,* 294 AD2d 315, 316 [1st Dept 2002]). Nor did plaintiff raise a triable issue of fact as to the cervical spine. His orthopedist did not evaluate or render any opinion concerning that part of the spine, and his chiropractor's finding concerning the cervical spine was inadmissible, as it was sole basis for plaintiff's opposition concerning that part of the body.

Plaintiff, however, raised a triable issue of fact as to existence of a significant and permanent consequential limitation in the lumbar spine. His chiropractor found range of motion limitations, spasms, and positive Kemp's and straight leg raising tests, and his orthopedist also observed range of motion limitations (*see Pietropinto,* 104 AD3d at 617-618; *Pannell-Thomas v Bath,* 99 AD3d 485 [1st Dept 2012]). Both doctors' findings of a causally related injury based on their examination and plaintiff's history raised a triable issue of fact as to causation (*see James v Perez,* 95 AD3d 788, 788-789 [1st Dept 2012]; *Yuen v Arka Memory Cab Corp.,* 80 AD3d 481, 482 [1st Dept 2011]). Plaintiff's physical therapy records, submitted by defendants, showing that he began physical therapy five days after the accident, provides contemporaneous evidence of injuries (*see Perl v Meher,* 18 NY3d 208, 217-218 [2011]; *Swift v New York Tr. Auth.,* 115 AD3d 507 [1st Dept 2014]). The IAS court erred, however, in dismissing the complaint on gap-in-treatment grounds, as defendants did not raise that issue before the court (*see Sylla v Brickyard Inc.,* 104 AD3d 605 [1st Dept 2013]; *Tadesse v Degnich,* 81 AD3d 570 [1st Dept 2011]).

Because plaintiff is entitled to present his claims based on the lumbar injuries, he is also entitled to seek damages for injuries to his cervical spine and left knee caused by the accident, even if those injuries did not meet the threshold on the record now before the court (*Rubin v SMS Taxi Corp.,* 71 AD3d 548, 549 [1st Dept 2010]). Concur—Mazzarelli, J.P., Acosta, Andrias, Saxe and Clark, JJ.