■ RAMON REYES et al., Appellants, v SE PARK et al., Respondents, et al., Defendants. [4 NYS3d 526]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered December 19, 2013, which, to the extent appealed from as limited by the briefs, upon defendants' motions, granted defendants summary judgment dismissing plaintiff Ramon Reyes's claims for failure to demonstrate a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion of defendants Munoz-Hernandez and Arbee Management, Inc. (collectively the Munoz-Hernandez defendants) and the motion of the Park defendants to the extent the motions are based on the lack of a permanent or significant limitation of use of plaintiff's spine, and grant the motions of the Munoz-Hernandez defendants and of defendants Vogel and RWV Land & Livestock, Inc. (collectively the Vogel defendants) to the extent the motions are based on their lack of liability, and otherwise affirmed, without costs.

Plaintiff contends that he suffered serious injury to his cervical, thoracic and lumbar spine following a motor vehicle accident that occurred when he was a passenger in the Munoz-Hernandez defendants' vehicle, which was rear-ended by the Park defendants' car. He also alleges that he was unable to perform substantially all of his customary activities for at least 90 out of the 180 days following the accident.

The Munoz-Hernandez defendants and the Park defendants made a prima facie showing of the lack of a permanent or significant limitation to plaintiff's spine through the reports of their neurological and orthopedic experts who found normal range of motion and no evidence of orthopedic or neurological injury caused by the accident (see *Tuberman v Hall*, 61 AD3d 441 [1st Dept 2009]). Although one of their medical experts found some minor limitations in plaintiff's spinal range of motion, those findings did not undermine the expert's conclusion that plaintiff suffered only resolved sprains and that his injuries did not amount to a permanent or significant limitation of use of his spine (*id.*).

In opposition, plaintiff raised an issue of fact through the affirmation of his treating physician who opined that plaintiff suffered permanent and significant injuries to his spine that were caused by the accident. The physician's findings, upon examination shortly after the accident and recently, included significant limitations in range of motion, muscle spasms and positive straight leg raising tests. Those findings, together with reports of positive MRI findings and EMG/NCV studies, provided objective evidence of injury (see *Toure v Avis Rent A*

*Car Sys.*, 98 NY2d 345, 353 [2002]; *Pantojas v Lajara Auto Corp.*, 117 AD3d 577, 578 [1st Dept 2014]; *Brown v Achy*, 9 AD3d 30, 32 [1st Dept 2004]). Although the MRI reports were not annexed or affirmed, they could be considered in opposition to summary judgment, since the positive MRI findings were referred to and set forth by defendants' experts, were not disputed by defendants' experts, and were not the only objective evidence relied upon by plaintiff's doctor in support of his opinion (*see Mulligan v City of New York*, 120 AD3d 1155, 1156 [1st Dept 2014]; *Cruz v Rivera*, 94 AD3d 576, 576 [1st Dept 2012]).

The Munoz-Hernandez defendants and the Park defendants made a prima facie showing of the lack of a 90/180-day claim by relying on plaintiff's deposition testimony that he returned to work immediately after the accident, missed about 2½ months from work after returning, and was not directed by his physicians to restrict his activities (*see Silverman v MTA Bus Co.*, 101 AD3d 515, 517 [1st Dept 2012]).

In opposition, plaintiff failed to raise a triable issue of fact. Even if plaintiff had missed 90 days of work, that would not be determinative of his 90/180-day claim (*see Rosa-Diaz v Maria Auto Corp.*, 79 AD3d 463, 464 [1st Dept 2010]), and his claimed limitations, such as his inability to clean his house or play dominoes, were not "substantially all" of his usual and customary daily activities (Insurance Law § 5102 [d]; *see Uddin v Cooper*, 32 AD3d 270, 271 [1st Dept 2006], *lv denied* 8 NY3d 808 [2007]).

The Munoz-Hernandez defendants established their entitlement to summary judgment dismissing the complaint as against them on the ground of their lack of liability. The testimony of plaintiffs and of defendant Se Park showed that Park's vehicle rear-ended the Munoz-Hernandez vehicle while it was stopped or stopping at an intersection (*Santana v Tic-Tak Limo Corp.*, 106 AD3d 572, 573-574 [1st Dept 2013]). Park's testimony that Munoz-Hernandez came to an abrupt stop in front of him at the intersection was insufficient to rebut the presumption of Park's negligence or to raise an issue of fact as to Munoz-Hernandez's negligence (*see id.*).

Although the Vogel defendants have not submitted a respondents' brief on appeal, upon a search of the record (*see* CPLR 3212 [b]), we find that they also established their entitlement to summary judgment dismissing the complaint as against them. Vogel's affidavit and Park's testimony show that Park's car hit Vogel's trailer when Park swerved to the left in an attempt to avoid hitting the Munoz-Hernandez vehicle, and that

the Vogel vehicle never left its lane of traffic (*see Machado v Henry*, 96 AD3d 437 [1st Dept 2012]). In opposition, plaintiff failed to raise a triable issue of fact (*id.*).

Summary judgment in favor of the Munoz-Hernandez and Vogel defendants is not premature. Plaintiff's speculation that further discovery might support a finding of liability as to either of those defendants is an insufficient basis for denying defendants' motions (*see Santana v Danco Inc.*, 115 AD3d 560 [1st Dept 2014]).

The Park defendants never moved for summary judgment on the issue of their liability, and they are not entitled to such relief. Accordingly, the only claim remaining is plaintiff's claim of a permanent or significant limitation to his spine due to the Park defendants' alleged liability. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Manzanet-Daniels and Clark, JJ.