■ HERBERT L. PAULLING, Appellant, v CITY CAR & LIMOUSINE SERVICES, INC., et al., Respondents. [65 NYS3d 19]—

Order, Supreme Court, Bronx County (Donald Miles, J.), entered on or about August 25, 2016, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Defendants met their burden on summary judgment by tendering the affirmed reports of their neurologist, who found normal range of motion upon recent examination, of their radiologist, who concluded that plaintiff's MRI films showed preexisting degenerative conditions unrelated to the accident, and their emergency medicine specialist, who found that plaintiff's post-accident hospital records were inconsistent with a traumatically-induced injury (*see Frias v Gonzalez-Vargas*, 147 AD3d 500 [1st Dept 2017]; *Spencer v Golden Eagle, Inc.*, 82 AD3d 589, 590 [1st Dept 2011]).

In opposition, however, plaintiff raised a triable issue of fact as to whether he sustained an injury involving a "permanent consequential" or "significant" limitation of use of his lumbar spine through his treating physician, who found limitations in spinal range of motion on initial and recent examination. Objective evidence of injury was confirmed by plaintiff's radiologist (*see Pantojas v Lajara Auto Corp.*, 117 AD3d 577 [1st Dept 2014]; *Barhak v Almanzar-Cespedes*, 101 AD3d 564 [1st Dept 2012]). Plaintiff's physician sufficiently addressed defendants' expert's findings of degeneration by opining that the injuries to the otherwise asymptomatic plaintiff were consistent with and causally related to the accident (*see Pantojas* at 578; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [1st Dept 2011]).

Defendants waived any argument regarding an alleged gap in treatment by waiting until their reply to raise the argument (*see Sylla v Brickyard Inc.*, 104 AD3d 605 [1st Dept 2013]). In

any event, the evidence shows that plaintiff received treatment during the alleged "gap," as evidenced by, inter alia, his Workers' Compensation records, with examinations affirmed by his treating physician (*see Swift v New York Tr. Auth.*, 115 AD3d 507, 508 [1st Dept 2014]).

With respect to plaintiff's 90/180-day claim, although defendants' physicians did not examine plaintiff during the relevant period, defendants met their prima facie burden through the reports of their radiologist, whose opinion of preexisting degeneration was based on review of plaintiff's post-accident MRI films, and of their emergency room physician, who based his opinion on review of medical records that were created the day of the accident. Thus, it is of no moment that the actual reports were rendered later (*see Coley v DeLarosa*, 105 AD3d 527, 529 [1st Dept 2013]). In opposition to defendants' prima facie showing, plaintiff raised an issue of fact through his physician's affirmed workers' compensation reports finding a 100% impairment during the relevant period and the physician's opinion that plaintiff's impairment was causally related to the accident. Concur—Renwick, J.P., Manzanet-Daniels, Andrias, Kern and Oing, JJ.