Holloman v American United Transp. Inc. (2018 NY Slip Op 03947)





Holloman v American United Transp. Inc.


2018 NY Slip Op 03947


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


6782 300743/14

[*1]Inez N. Holloman, Plaintiff-Appellant,
v
American United Transportation Inc., et al., Defendants-Respondents.


Mark E. Weinberger, P.C., Rockville Centre (Eric M. Parchment of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered on or about April 20, 2017, which granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, the motion denied as to the claims of serious injury to the cervical and lumbar spine, and otherwise affirmed, without costs.
Defendants satisfied their initial burden of showing that plaintiff did not suffer serious injury to her cervical and lumbar spine through the affirmed report of their neurologist, who found normal ranges of motion and no objective evidence of injury (see Reyes v Se Park, 127 AD3d 459 [1st Dept 2015]; Rickert v Diaz, 112 AD3d 451 [1st Dept 2013]). Defendants also submitted the affirmed report of a radiologist, who opined that the bulging discs and focal disc protrusions shown on the MRI films were symptomatic of chronic degenerative disc disease, unrelated to the accident (see Paulling v City Car & Limousine Servs., Inc., 155 AD3d 481 [1st Dept 2017]).
In opposition, plaintiff raised an issue of fact through the affirmed report of her physiatrist, who found continuing range of motion limitations in the cervical and lumbar spine and causally related plaintiff's conditions to the accident (see Moreira v Mahabir, 158 AD3d 518, 518-519 [1st Dept 2018]; Encarnacion v Castillo, 146 AD3d 600 [1st Dept 2017]). Plaintiff's physiatrist adequately addressed the issue of causation by opining that the injuries were the direct result of the accident, and offering a different, yet equally plausible, explanation for them (see Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]). Defendants' contention that plaintiff did not adequately address her gap or cessation of treatment was waived because it was raised for the first time in reply (see Moreira at 519; Paulling at 481).
Defendants satisfied their initial burden on plaintiff's 90/180-day claim through plaintiff's bill of particulars and
deposition testimony admitting that she was only out of work for four weeks post-accident, and plaintiff's opposition failed to raise an issue of fact (see Komina v Gil, 107 AD3d 596, 597 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK