Massillon v Regalado (2019 NY Slip Op 07717)





Massillon v Regalado


2019 NY Slip Op 07717


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10203 26953/16E

[*1] Eli Massillon, Plaintiff-Appellant,
v
Ana Rosa Regalado, et al., Defendants-Respondents.


Michael J. Redenburg, P.C., New York (Michael J. Redenburg of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about October 4, 2018, which granted defendants' motion for summary judgment dismissing the complaint for lack of a serious injury within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion as to plaintiff's claims of serious injury to his cervical and lumbar spine and his 90/180-day claim, and otherwise affirmed, without costs.
Plaintiff alleges that he sustained serious injuries to his cervical and lumbar spine, shoulders, left thumb, and legs as the result of a motor vehicle collision that occurred in October 2015. He also alleges that he was unable to return to work for over five months after the accident.
As to plaintiff's claimed cervical and lumbar spine injuries, defendants demonstrated prima facie that the injuries were not causally related to the subject accident through the reports of their radiologist, who opined that the MRIs of those body parts showed conditions that were chronic and degenerative in nature and could not have been caused by the subject accident (see Auquilla v Singh, 162 AD3d 463, 463 [1st Dept 2018]). Defendants also relied on plaintiff's testimony that he had previously sustained injuries to his spine in a motor vehicle accident in 2010.
In opposition, plaintiff raised a triable issue of fact. His treating physiatrist directly addressed and explained the evidence of a prior spinal injury by comparing the MRIs taken following the 2010 accident and with those taken after the subject accident, and opined that the 2015 MRIs showed new and worsened disc bulges and herniations, which were causally related to the subject accident (see Michels v Marton, 130 AD3d 476, 477 [1st Dept 2015]; Matos v Urena, 128 AD3d 435, 436 [1st Dept 2015]; see generally Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Although defendant's radiologist opined that the conditions were degenerative, the plaintiff produced contemporaneous MRI reports expressly ruling out degeneration of the cervical spine and lumbar spine at the L3/4 and L4/5 disc levels. These reports were provided along with the opinions of plaintiff's treating doctors that the conditions were causally related to the accident. This evidence was sufficient to raise an issue of fact, given plaintiff's "relatively young age" and the absence of any evidence in his own medical records of degeneration (Fathi v Sodhi, 146 AD3d 445 [1st Dept 2017]; see Sanchez v Oxcin, 157 AD3d 561, 563 [1st Dept 2018]; Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). Further, in response to the findings by defendants' examining physicians that plaintiff had fully recovered and showed only subjective limitations, plaintiff submitted affirmed medical reports by his treating physicians documenting significant limitations in range of motion of his lumbar and cervical spine shortly after the accident and recently (see Pauling v City Car & Limousine Servs., Inc., 155 AD3d 481, 481 [1st Dept 2017]).
Plaintiff was not required to address any gap in treatment perceived from his own medical records, since defendants did not raise the issue in their moving papers (see Lewis v Revello, 172 AD3d 505, 506 [1st Dept 2019]; Pauling at 481). In any event, plaintiff testified that he [*2]continued treating at least monthly, and his treating physiatrist averred that he had reached maximum medical improvement when he left that facility, which provides a reasonable explanation for any gap (see Pommells v Perez, 4 NY3d 566, 572, 576 [2005]; Lewis at 506).
As to plaintiff's 90/180-day claim, defendants' initial showing of lack of causation met their prima facie burden as to that claim as well. However, as discussed, plaintiff raised an issue of fact as to causation. He also submitted his deposition testimony that he missed work for five to six months following the accident, as well as affirmed evaluation reports documenting that he remained partially disabled and unable to work safely or effectively due to his injuries during that period (see Lazzari v Qualcon Constr., LLC, 162 AD3d 440, 441-442 [1st Dept 2018]). Thus, triable issues of fact exist as to the 90/180-day claim.
However, assuming arguendo that plaintiff adequately alleged in his bill of particulars that he sustained injuries to his shoulders, left thumb, and legs, defendants demonstrated prima facie that such injuries were not serious by relying on plaintiff's own deposition testimony that he had no complaints concerning those parts, either contemporaneously with the accident or currently. In opposition, plaintiff submitted no medical evidence concerning those body parts, and therefore failed to raise an issue of fact (see Santana v Centeno, 140 AD3d 437, 438 [1st Dept 2016]; Singer v Gae Limo Corp., 91 AD3d 526, 527 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK