Rojas v P&B Bronx Props. LLC (2022 NY Slip Op 01753)





Rojas v P&B Bronx Props. LLC


2022 NY Slip Op 01753


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Index No. 301444/16, 83717/17 Appeal No. 15512 Case No. 2021-01384 

[*1]Jaime Rojas, Plaintiff-Appellant,
v
P&B Bronx Properties LLC, et al., Defendants-Respondents.
Citibank N.A., Third-Party Plaintiff-Respondent,
v
John Charalambous, et al., Third-Party Defendants.
Citibank N.A., Second Third-Party Plaintiff-Respondent,
v
Eternal Beyond Realty, LLC, Second Third-Party Defendant-Respondent.


Gorayeb & Associates, P.C., New York (Martin J. Moskowitz of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for P&B Bronx Properties LLC, respondent.
White and McSpedon, Brooklyn (Zena Goldszer of counsel), for Citibank N.A., respondent.
Hickey Smith Dood, LLP, New York (Jody C. Benard of counsel), for Eternal Beyond Realty, LLC, respondent.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered on or about December 21, 2020, which, to the extent appealed from as limited by the briefs, granted the motions of defendants P&B Bronx Properties, LLC and Citibank N.A. for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court properly concluded that defendants sustained their initial burden of demonstrating that the defect which caused plaintiff's injuries was trivial and not actionable. The photograph of the accident site, which was not an enhanced photograph, showed a minor condition that was not a trap or snare, and was not hidden or covered in any way so as to make it difficult to see or identify as a hazard (see Garcia v 549 Inwood Assoc., LLC, 136 AD3d 555, 556 [1st Dept 2016]).Plaintiff testified that the accident occurred on a clear, sunny day, and that he had no problem entering the bank that day or any day before the accident (see McCullough v Riverbay Corp, 150 AD3d 624, 625 [1st Dept 2017]).
In opposition, plaintiff failed to present sufficient evidence to raise a triable issue of fact as to whether the defective condition was hazardous (see Powell v Centers FC Realty, LLC, 182 AD3d 495, 495 [1st Dept 2020]). Plaintiff's affidavit in opposition to the motions merely estimated the elevation differential and is therefore, speculative. Plaintiff's expert never visited the accident site, did not measure the defect (see McCullough, 150 AD3d at 625), and her estimation of the elevation differential was based on a survey taken four years after the accident; therefore, plaintiff's expert's affidavit is insufficient to raise a triable issue of fact (see Alonzo v 215 Audubon Ave Hous. Dev Fund, 188 AD3d 448, 449 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022