Goodman v IEH Auto Parts, LLC (2022 NY Slip Op 06996)

Goodman v IEH Auto Parts, LLC

2022 NY Slip Op 06996

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 25861/18E Appeal No. 16821 Case No. 2022-01726 

[*1]Olaya Z. Goodman, Plaintiff-Respondent,
v
IEH Auto Parts, LLC, et al., Defendants-Appellants.

Clyde & Co US LLP, New York (Kevin C. McCaffrey of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 12, 2022, which granted plaintiff's motion for partial summary judgment on liability and dismissed defendants' affirmative defense alleging plaintiff's culpable conduct, unanimously affirmed, without costs.
The court properly found that plaintiff demonstrated prima facie that she was entitled to partial summary judgment on liability because there was no dispute that the Access-A-Ride bus that she was driving was hit in the rear by the van driven by defendant Miranda (see Santana v Danco Inc., 115 AD3d 560 [1st Dept 2014]).
Defendants failed to present a nonnegligent explanation for the collision. At his deposition, Miranda testified only that he hit the brakes when he saw plaintiff's brake lights turn on but was unable to stop in time. This testimony indicates that Miranda violated Vehicle & Traffic Law§1129(a) in failing to maintain a safe distance between his van and the bus. The affidavit of defendants' expert opining that the accident might have been caused by an improper lane change by one or both vehicles was insufficient to raise a triable issue of fact because it was speculative and did not definitively point to negligence on plaintiff's part (see Rojas v P & B Bronx Props. LLC, 203 AD3d 525, 526 [1st Dept 2022]).
Defendants also failed to present evidence to support the affirmative defense that plaintiff's culpable conduct caused or contributed to the accident. Miranda did not remember whether or not his vehicle or the bus changed lanes, and the entry in the hospital record, which contradicted plaintiff's testimony, was unclear and insufficient to raise an issue of fact. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022