Florsheim v Marriott Intl., Inc. (2023 NY Slip Op 00950)

Florsheim v Marriott Intl., Inc.

2023 NY Slip Op 00950

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Scarpulla, JJ. 

Index No. 150063/20 Appeal No. 17372 Case No. 2022-04596 

[*1]Ann Florsheim, Plaintiff-Appellant,
v
Marriott International, Inc., Doing Business as Marriott Marquis, et al., Defendants-Respondents.

Greenberg Law P.C., New York (Matthew E. Greenberg of counsel), for appellant.
Chesney Nicholas & Brower, LLP, Syosset (Gregory E. Brower of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered October 14, 2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff fell when her left toe contacted an expansion joint that ran across the width of a hallway in defendants' hotel. The motion court correctly determined that defendants demonstrated prima facie that the defect was trivial (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]). The photographs show the expansion joint, an essential feature in large commercial buildings, was located in a well-lit hallway with carpet patterns and colors contrasting the color of the joint, and with nothing covering or hiding it. The photos also show a very shallow slope on the sides of the joint opening into the hallway and elevator bank. Plaintiff had traversed over the expansion joint several times, with no issue, in the days leading up to the accident. Moreover, the measurements proffered in plaintiff's expert report, submitted as part of defendants' motion, also show an insignificant height differential.
In opposition, plaintiff failed to raise an issue of fact. Plaintiff submitted the same report as defendants but with some additions. Plaintiff's report included a photograph of the exact location at which plaintiff's toe contacted the expansion joint. Although the report included the height differential and slopes of the areas around the expansion joint, it failed to specify the measurements at the area where plaintiff's foot met the joint. Thus, the expert report is speculative and fails to raise an issue of fact (see Rojas v P&B Bronx Props. LLC, 203 AD3d 525, 526 [1st Dept 2022]).
Plaintiff's argument that defendants failed to establish prima facie that they neither created nor possessed notice of the defect to warrant dismissal is unavailing. "A defendant moving for summary judgment in a slip-and-fall case is not obliged to demonstrate lack of notice if it can prevail on another ground" (Hutchinson, 26 NY3d at 83).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023