■ DONATA MITCHELL, Respondent, v JUAN C. CALLE et al., Appellants. [936 NYS2d 23]—

Defendants concede that plaintiff has a meniscal tear in her left knee, and their radiologist's report is too equivocal to make a prima facie showing that the tear was not caused by the accident (*see Glynn v Hopkins*, 55 AD3d 498, 498 [2008]), especially given plaintiff's relatively young age at the time of the accident (*see June v Akhtar*, 62 AD3d 427, 428 [2009]). However, defendants made a prima facie showing that plaintiff did not sustain a "permanent consequential limitation of use" of the knee within the meaning of Insurance Law § 5102 (d) by submitting the affirmed reports of medical experts who opined that she had normal range of motion in the knee and that any symptoms had fully resolved (*see Dembele v Cambisaca*, 59 AD3d 352, 352 [2009]; *Gibbs v Hee Hong*, 63 AD3d 559, 559 [2009]). The affirmed reports are competent evidence, notwithstanding that the experts relied on the uncertified emergency room records and other unsworn medical records (*see Pommells v Perez*, 4 NY3d 566, 577 n 5 [2005]).

In response, plaintiff submitted the affirmed reports of her treating physiatrist and the orthopedic surgeon who performed her knee surgery, who both found persisting limitations in range of motion of the left knee with discomfort, and described the qualitative nature of plaintiff's limitations based on the normal function, purpose, and use of the knee. In addition, plaintiff submitted an unsworn MRI report of the left knee stating that there was a small effusion suggesting a meniscal tear. Plaintiff's evidence raised an issue of fact as to whether she sustained a permanent consequential limitation of use of the knee (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Salman v Rosario*,

87 AD3d 482 [2011]). Although the MRI report is unsworn, plaintiff could rely on it since defendants submitted it in support of their motion (*Lazarus v Perez*, 73 AD3d 528, 528 [2010]). Plaintiff also adequately explained the gap in treatment by testifying that she stopped treatment because her no-fault benefits terminated (*see Wadford v Gruz*, 35 AD3d 258, 259 [2006]).

The court, however, should have dismissed the 90/180-day claim. Defendants made a prima facie showing that plaintiff did not suffer a 90/180-day injury, and plaintiff failed to raise a triable issue of fact. Indeed, plaintiff testified that, after the accident, she was confined to bed for only three days and to home for a only week (*see Salman*, 87 AD3d at 484). Further, the claimed restrictions in her usual and customary activities are unsupported by objective medical evidence (*see Nelson v Distant*, 308 AD2d 338, 340 [2003]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.