■ REBECCA AYALA, an Infant by her Mother and Natural Guardian LYDIA ESTHER QUINTANA, et al., Appellants, v DANIEL CRUZ et al., Respondents, et al., Defendant. [945 NYS2d 240]—

Judgment, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered on or about June 14, 2011, dismissing the complaint on the ground that plaintiffs did not suffer serious injuries within the meaning of Insurance Law § 5102 (d), and bringing up for review an order, same court and Justice, entered on or about June 7, 2011, which granted defendants' motions for summary judgment, unanimously modified, on the law, to reinstate the claims of permanent consequential limitation and significant limitation of use of the lumbar spines against all defendants, and otherwise affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendants established prima facie that plaintiffs did not suffer either significant limitation or permanent consequential limitation of use of their lumbar spines, by submitting the affirmations of two orthopedists who found full ranges of motion in all planes (*see Thompson v Abbasi*, 15 AD3d 95, 96 [2005]). However, defendants failed to make a prima facie showing that plaintiffs' injuries were not caused by the accident. One of their orthopedists conceded that the injuries were caused by the accident, and their neurologist's opinion was too equivocal to satisfy their burden with respect to causation (*see e.g. Biascochea v Boves*, 93 AD3d 548 [2012]; *Mitchell v Calle*, 90 AD3d 584, 585 [2011]).

Plaintiffs submitted the affirmations of a radiologist who reviewed MRI films of their lumbar spines taken about two months after the accident and found that plaintiff Quintana had bulging discs at numerous levels, and at least one disc herniation, and that plaintiff Ayala, then 18 years old, had bulging discs at three levels. In addition, plaintiffs' treating physician conducted EMG tests that showed that Quintana suffered from acute right L5-S1 radiculopathy and Ayala suffered from acute L4 radiculopathy. The physician also found upon testing on multiple occasions that plaintiffs had diminished ranges of motion in their spines (*see Antonio v Gear Trans Corp.*, 65 AD3d 869 [2009]), and causally related those injuries to the accident (*see Pommells v Perez*, 4 NY3d 566, 574-575 [2005]; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481 [2011]). With respect to the alleged gap in treatment, plaintiffs' treating physician opined that plaintiffs had reached maximum medical improvement when treatment stopped and that further treatment would only have been palliative. Either of these is a reasonable explanation sufficient to raise an issue of fact (*Pommells*, 4 NY3d at 577; *Mitchell*, 90 AD3d at 585).

Plaintiffs' 90/180-day claims are untenable in light of Quintana's testimony that she only missed two days of work because of the accident and Ayala's testimony that she did not miss any time from school because of the accident (*see Gaddy v Eyler*, 79 NY2d 955, 958 [1992]; *Ramos v Rodriguez*, 93 AD3d 473 [2012]). Concur—Gonzalez, P.J., Andrias, Saxe, DeGrasse and Román, JJ.