In response to defendant’s prima facie showing that plaintiff did not sustain a serious injury, plaintiff proffered sufficient evidence to raise an issue of fact as to whether the alleged injuries to his cervical and lumbar spines were “significant” within the meaning of Insurance Law § 5102 (d). Days after the accident, plaintiffs treating physician found that his cervical and lumbar *587 spine suffered limitations in range of motion in multiple planes, and that physician continued to find diminished ranges of motion at subsequent examinations. Such injuries, if proven, are significant enough to provide a basis for finding a serious injury under Insurance Law § 5102 (d) (see Garner v Tong, 27 AD3d 401 [1st Dept 2006]; Howard v King, 307 AD2d 278 [2d Dept 2003]; see also Vega v MTA Bus Co., 96 AD3d 506 [1st Dept 2012]; Rosa-Diaz v Maria Auto Corp., 79 AD3d 463 [1st Dept 2010]).
As for defendant’s gap in treatment argument, plaintiff submitted an affidavit explaining that he attended extensive physical and rehabilitative therapy, until his insurer advised him that his no fault benefits had expired, and that he could no longer afford treatment. This Court has repeatedly found such an explanation adequate to raise an issue of fact (see e.g. Serbia v Mudge, 95 AD3d 786 [1st Dept 2012]; Browne v Covington, 82 AD3d 406 [1st Dept 2011]). Concur — Friedman, J.E, Moskowitz, Freedman, Richter and Abdus-Salaam, JJ.