Plaintiff alleges that as a result of a rear-end motor vehicle accident that occurred in August 2009, he sustained permanent injuries to his cervical spine, lumbar spine, left elbow, and left shoulder. Defendant met his prima facie burden by submitting, among other things, the affirmation of an orthopedic surgeon who found upon recent examination that each body part exhibited full range of motion (see Spencer v Golden Eagle, Inc., 82 AD3d 589 [1st Dept 2011]; DeLeon v Ross, 44 AD3d 545 [1st Dept 2007]). As to plaintiffs claimed cervical spine injury, defendant proffered the affirmation of a radiologist who, upon *565 reviewing an MRI taken after the accident, opined that plaintiff had extensive degenerative disc disease and desiccation which predated the accident and the disc herniations seen at multiple levels had a degenerative etiology (see Porter v Bajana, 82 AD3d 488 [1st Dept 2011]).
Plaintiff raised an issue of fact as to his claim of serious injury to his cervical spine. He submitted the affirmations of a radiologist who found that the MRI films reveal a bulging disc and herniations at multiple levels, and his treating neurologist who conducted an EMG/NCV test showing radiculopathy, measured continuing limitations in range of motion, and opined, based on the medical evidence and absence of prior injuries, that plaintiffs cervical spine injuries were caused by the accident (see Serbia v Mudge, 95 AD3d 786, 787 [1st Dept 2012]; Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]). Plaintiff also adequately addressed his gap in treatment through his treating doctor’s explanation that treatment had stopped because plaintiff reached “maximum medical improvement” (Ayala v Cruz, 95 AD3d 699, 700 [1st Dept 2012]).
Plaintiff, however, submitted no objective medical evidence of any lumbar spine injury (see Williams v Horman, 95 AD3d 650, 651 [1st Dept 2012]), failed to adduce any evidence in support of his claimed left shoulder injury, and proffered no evidence of continuing limitations in the left elbow (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]; Martinez v Goldmag Hacking Corp., 95 AD3d 682, 683 [1st Dept 2012]).
Supreme Court properly dismissed plaintiffs 90/180-day claim in light of his deposition testimony that he lost no time from work, and the allegation in his verified bill of particulars that he was not confined to bed or home after the accident (see Mitrotti v Elia, 91 AD3d 449, 450 [1st Dept 2012]). Plaintiff failed to submit evidence sufficient to raise an issue of fact as to the 90/180-day claim. Concur — Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ.