Order, Supreme Court, New York County (George J. Silver, J.), entered August 13, 2012, which, to the extent appealed from, denied defendant’s motion for summary judgment insofar as it sought dismissal of plaintiff’s claims alleging serious injuries under the “permanent consequential” and “significant” limitation of use categories of Insurance Law § 5102 (d), unanimously affirmed, without costs.
Defendant made a prima facie showing of the lack of a serious injury to the cervical and lumbar spine by submitting the affirmed report of an orthopedic surgeon finding full range of motion in both parts of the spine, and a radiologist’s report finding that MRI and X ray films taken shortly after the accident showed bulging discs attributable to diffuse multilevel degenerative disc disease and an absence of traumatic injuries (see Paduani v Rodriguez, 101 AD3d 470, 470 [1st Dept 2012]; Spencer v Golden Eagle, Inc., 82 AD3d 589, 590-591 [1st Dept 2011]). Defendant further argued that plaintiff had ceased treatment four months after the accident, without explanation (Pommells v Perez, 4 NY3d 566, 574 [2005]).
In opposition, plaintiff raised a triable issue of fact by submitting the affirmed report of his treating physician who found contemporaneous and persisting limitations in range of motion, and explained his basis for concluding that the disc herniations and bulges shown on the MRI films were caused by the trauma of the accident, as opposed to degeneration (see Perl v Meher, 18 NY3d 208, 217-219 [2011]; Mercado-Arif v Garcia, 74 AD3d 446, 446-447 [1st Dept 2010]). Plaintiff adequately addressed the gap in treatment by submitting an affidavit asserting that he stopped treatment because he could not afford to pay for it after the expiration of his no-fault benefits (see Pindo v Lenis, 99 AD3d 586, 587 [1st Dept 2012]). Further, plaintiffs physician opined that plaintiff had failed to make a full recovery despite undergoing a comprehensive physical therapy program, which suggested that further treatment would have been only palliative (see Ayala v Cruz, 95 AD3d 699, 700 [1st Dept 2012]).
Concur—Mazzarelli, J.E, Moskowitz, DeGrasse, Feinman and Clark, JJ.