Order, Supreme Court, New York County (George J. Silver, J.), entered April 9, 2012, which, insofar as appealed from as limited by the briefs, denied the cross motion of defendants Hlatun Minswe and Maung Y. Mon for summary judgment dismissing plaintiffs claims of serious injury under the “permanent consequential limitation of use” and “significant limitation of use” categories of Insurance Law § 5102 (d), unanimously affirmed, without costs.
Defendants established that plaintiff did not suffer a serious injury to his cervical spine by submitting the affirmed reports of their orthopedist and neurologist. Each physician examined plaintiff and found full range of motion in all planes (see Bailey v Islam, 99 AD3d 633 [1st Dept 2012]; Rosa v Mejia, 95 AD3d 402, 403 [1st Dept 2012]). In opposition, plaintiff raised a triable issue of fact by submitting an affirmed report of a radiologist who opined that an MRI of plaintiffs cervical spine taken shortly after the accident revealed a herniated disc, and affirmed medical reports finding that tests conducted, both shortly after the accident and recently, revealed limitations in cervical spine range of motion (see Pindo v Lenis, 99 AD3d 586 [1st Dept 2012]).
On the issue of causation, defendants’ medical experts’ passing reference to medical conditions that plaintiff experienced several years prior to the subject accident did not meet defendants’ prima facie burden. The experts did not review any medical records related to plaintiffs prior treatment and expressed no opinion as to whether such conditions would “interrupt the chain of causation between the accident and claimed injury” (Pommells v Perez, 4 NY3d 566, 572 [2005]; see Bray v Rosas, 29 AD3d 422, 423-424 [1st Dept 2006]). Further, plaintiffs treating physician opined that the cervical injury was caused by the accident, based on plaintiffs lack of previous symptoms and the onset of pain after the accident (see Perl v Meher, 18 NY3d 208, 219 [2011]).
Concur—Friedman, J.E, Sweeny, Renwick, Richter and Román, JJ.