■ MERCEDES McINTOSH, Respondent, v SISTERS SERVANTS OF MARY et al., Appellants. [965 NYS2d 403]—

Order of the Appellate Term of the Supreme Court, First Department, entered on or about December 30, 2010, which af-

firmed an order of the Civil Court, Bronx County (Mitchell Danziger, J.), entered on or about June 9, 2010, denying defendants' motion for summary judgment dismissing plaintiff's complaint alleging a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain a serious injury as a result of the subject accident by proffering the affirmation of a radiologist who found degenerative disc disease and no posttraumatic abnormality (see Barhak v Almanzar-Cespedes, 101 AD3d 564, 564-565 [1st Dept 2012]; Porter v Bajana, 82 AD3d 488 [1st Dept 2011]).

In opposition, plaintiff raised a triable issue of fact. The medical records she submitted not only showed that doctors had diagnosed her with degenerative osteoarthritic changes before the accident and that MRIs taken shortly after the accident noted disc desiccation and diffuse degenerative disc disease, but also that she was asymptomatic during the four years prior to the accident. Plaintiff also submitted the affidavit of her chiropractor who found significant limitations in range of motion of her cervical and lumbar spine immediately after and persisting after the accident. Plaintiff's neurologist made similar range of motion findings in an examination almost six years after the accident. Both doctors opined that plaintiff's injuries resulted from the accident. Moreover, her chiropractor opined that, given her "pre-existing cervical and lumbar condition," the injuries she sustained from the accident "were superimposed upon her already delicate medical condition." Thus, plaintiff's submissions and the opinions of her experts suffice to raise an issue of fact as to the significant limitations of her cervical and lumbar spine (see Perl v Meher, 18 NY3d 208, 219 [2011]).

Plaintiff adequately explained a gap in treatment by submitting the affidavit of her chiropractor, wherein he opined that after a year of treating plaintiff she had reached the maximum therapeutic benefit and that further treatment would not benefit her recovery (see Pommells v Perez, 4 NY3d 566, 577 [2005]; Toure v Avis Rent A Car Sys., 98 NY2d 345, 355 [2002]).

As to her 90/180-day claim, plaintiff raised an issue of fact with the submission of her chiropractor's affidavit in which he averred that shortly after the accident he recommended that she refrain from working until further notice, and he concluded a year later that "she was still unable to perform her usual daily activities" (see Pannell-Thomas v Bath, 99 AD3d 485 [1st Dept 2012]). In her affidavit, plaintiff reported that her injuries prevented her from performing her usual daily activities for at least nine months following the accident. Concur—Tom, J.P.,

Mazzarelli, Saxe, Moskowitz and Manzanet-Daniels, JJ.