Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered June 11, 2012, which, to the extent appealed from, granted defendants’ motion and cross motion for summary judgment dismissing plaintiff Kegsy S. Castillo’s claims based on the failure to satisfy the serious injury threshold within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, the motion and cross motion denied to the extent that Castillo alleges a permanent consequential or significant limitation to her left knee, and otherwise affirmed, without costs.
*513 Plaintiff Castillo (plaintiff) alleges she suffered serious injuries to her left knee, cervical spine and lumbar spine, when she was a passenger in a taxi that was hit by a vehicle owned and operated by defendants.
Defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting the affirmed reports of a neuroradiologist who opined that changes to plaintiff’s left knee and cervical and lumbar spine were degenerative in origin, and of a neurologist and an orthopedic surgeon who found full range of motion in all body parts (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 351-352 [2002]). Defendants’ experts were not required to review plaintiff’s medical records, since they described the various tests performed on plaintiff and found full range of motion (see Brand v Evangelista, 103 AD3d 539, 539 [1st Dept 2013]). The variance between the experts’ findings and standards on one diagnostic test was not significant (id.).
Plaintiff raised an issue of fact with respect to whether she sustained a permanent consequential or significant limitation to her left knee. Her treating orthopedic surgeon found a lateral meniscus tear and causally related this finding to the accident. Further, he addressed the defense claims of degeneration (see Salman v Rosario, 87 AD3d 482, 483-484 [1st Dept 2011]), and found quantified limitations in range of motion of the left knee both before and after arthroscopic surgery, contrary to defendants’ physicians’ findings (see James v Perez, 95 AD3d 788, 788-789 [1st Dept 2012]). The surgeon also adequately explained plaintiffs gap in treatment with respect to the left knee (see Ayala v Cruz, 95 AD3d 699, 700 [1st Dept 2012]).
To the extent plaintiff continues to assert a serious injury claim under the 90/180-day category, the court properly dismissed the claim because plaintiff did not allege that she was disabled for the minimum duration necessary to state such a claim (see Arenas v Guaman, 98 AD3d 461 [1st Dept 2012]).
Serious injuries to plaintiffs left knee having been established, we need not address whether the other injuries claimed by plaintiff were sufficient to meet the no fault threshold (see Rubin v SMS Taxi Corp., 71 AD3d 548, 548-549 [1st Dept 2010]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Acosta, J.P., Saxe, Renwick, Richter and Clark, JJ.