Order, Supreme Court, New York County (George J. Silver, J.), entered January 29, 2013, which, insofar as appealed from as limited by the briefs, denied defendants’ motion for summary judgment dismissing the complaint to the extent it alleged that plaintiff suffered serious injuries under the “significant” and “permanent consequential” limitation of use categories of Insurance Law § 5102 (d), unanimously affirmed, without costs.
*467 Defendants established their entitlement to judgment as a matter of law in this action where plaintiff pedestrian was injured when she was struck by a vehicle owned by defendant Cornell University and operated by defendant Fabrikant. Defendants submitted an affirmation of an orthopedist, who examined plaintiff and reviewed her medical records, and concluded that she had not sustained a serious injury within the meaning of Insurance Law § 5102 (d).
In opposition, plaintiff raised an issue of fact as to her claimed injuries to her cervical and lumbar spines by submitting, inter alia, the affirmation of the orthopedic surgeon who treated her following the accident. The surgeon averred that plaintiff had limitations in range of motion shortly after the accident and upon recent examination, that he had reviewed MRIs taken of the affected areas and found bulging and herniated discs, and that the injuries were caused by the accident. Regarding defendants’ reference to the gap in plaintiffs treatment, plaintiffs doctor concluded, after a series of examinations, that any further treatment would be palliative and prescribed exercises, which plaintiff continues to perform at home (see Pommells v Perez, 4 NY3d 566, 577 [2005]; Ayala v Cruz, 95 AD3d 699 [1st Dept 2012]).
As the motion court determined, since plaintiff raised a triable issue with respect to the injuries to her lumbar and cervical spines, it was not necessary to determine whether her other claimed injuries met the threshold (see Linton v Nawaz, 14 NY3d 821 [2010]). “Once a jury determines that plaintiff has met the threshold for serious injury, the jury may award damages for all of plaintiffs injuries causally related to the accident, even those not meeting the serious injury threshold” (Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]). Concur— Tom, J.E, Friedman, Acosta, Moskowitz and Gische, JJ.