JAMES LONG, Appellant, v TAIDA ORCHIDS, INC., et al., Respondents. [986 NYS2d 469]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 24, 2013, which granted defendants' motion for summary judgment dismissing the complaint based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, the motion denied to the extent plaintiff alleges "permanent consequential" and "significant" limitations of use of his cervical spine, and otherwise affirmed, without costs.

Defendants met their initial burden of establishing that plaintiff did not sustain serious injuries as a result of the accident (*Perez v Rodriguez*, 25 AD3d 506, 507-508 [1st Dept 2006]). Defendants' expert's report reflected that plaintiff's range of motion testing was normal, and that he revealed no functional disability at the time of examination.

In opposition, plaintiff raised an issue of material fact with respect to injuries he claims were sustained to his cervical spine

(*Perl v Meher*, 18 NY3d 208 [2011]). The affirmed report of an orthopedist who examined plaintiff on behalf of the no-fault carrier six months after the accident confirmed that plaintiff had cervical radiculopathy and limitations in range of motion, for which the doctor recommended further treatment, and the affirmed report of plaintiff's radiologist found that the MRI of plaintiff's cervical spine showed two herniations, as well as mild degenerative changes. Plaintiff also submitted the affirmed report of chiropractor Dr. Ilya Simakovsky, who found significant, continuing limitations in range of motion over two years after the accident, and opined, after review of the MRI films, that plaintiff's cervical herniations were traumatic in origin and caused by the accident, although the degenerative changes were not (*see Pindo v Lenis*, 99 AD3d 586 [1st Dept 2012]; *Silverman v MTA Bus Co.*, 101 AD3d 515 [1st Dept 2012]). The range-of-motion limitations found by the orthopedist and by Dr. Simakovsky at their examinations were not "minor" as a matter of law, but raise an issue of fact (*see Pindo v Lenis*, 99 AD3d at 586-587; *Garner v Tong*, 27 AD3d 401 [1st Dept 2006]).

The motion court rejected the chiropractor's report because it was not in proper form (*see Gibbs v Reid*, 94 AD3d 636, 637 [1st Dept 2012]), but defendants did not raise any objection to the form of the chiropractor's report based on the absence of notarization, thereby waiving the technical objection to admissibility (*see Shinn v Catanzaro*, 1 AD3d 195 [1st Dept 2003]; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351 n 3 [2002]). Further, the court may consider the inadmissible evidence insofar as it is not the sole basis for plaintiff's opposition to summary judgment (*see Pietropinto v Benjamin*, 104 AD3d 617, 618 [1st Dept 2013]; *Silverman v MTA Bus Co.*, 101 AD3d at 516).

However, plaintiff did not plead a 90/180-day claim in his complaint or in the verified bill of particulars, and thus the claim need not be considered by the court (*see Perez v Vasquez*, 71 AD3d 531, 532 [1st Dept 2010]). Even if the court were to consider this claim, plaintiff has not shown that any medical provider advised him not to engage in work or other activities following the accident (*see Pinkhasov v Weaver*, 57 AD3d 334 [1st Dept 2008]). Concur—Sweeny, J.P., Acosta, Renwick, Andrias and Freedman, JJ.