ONEYSIE ACOSTA, Appellant, v JUAN CARLOS VIDAL et al., Respondent. [988 NYS2d 485]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered December 18, 2012, dismissing the complaint, and bringing up for review an order, same court and Justice, entered November 9, 2012, which granted defendants' motions for summary judgment dismissing the complaint alleging serious injuries under Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants met their initial burden of establishing that plaintiff did not sustain serious injuries to her left shoulder, neck and back as a result of the accident by submitting the affirmed report of an orthopedic surgeon who opined that her injuries had been resolved through treatment, and found that she had normal range of motion in all parts. Defendants also submitted the postoperative report of plaintiff's treating orthopedic surgeon, which reported that plaintiff did not have a labroid tear in the shoulder, but had impingement, and that subacromial decompression had been performed.

In opposition, plaintiff failed to raise an issue of material fact. Although her orthopedic surgeon averred that plaintiff had quantified limitations in range of motion of the spine and left shoulder shortly after the accident and upon recent examination, he failed to address the conflicting findings made by plaintiff's physical therapist of normal range of motion in all parts one week after the accident (see Thomas v City of New York, 99 AD3d 580 [1st Dept 2012], lv denied 22 NY3d 857 [2013]; Jno-Baptiste v Buckley, 82 AD3d 578 [1st Dept 2011]). The physical therapy records showed that plaintiff's neck and back continued to have full range of motion at two subsequent appointments, while the left shoulder had limitations attributable to the surgical procedure, which improved within a month. Minor limitations are insufficient to support a serious injury claim (see Rickert v Diaz, 112 AD3d 451 [1st Dept 2013]). In addition, the surgeon's report of a postsurgical examination found that plaintiff had a negative impingement sign, indicating the condition had been repaired. Concur—Gonzalez, P.J., Acosta, DeGrasse, Freedman and Richter, JJ.