■ PETRA ANDERSON, Appellant, v ANILFA PENA et al., Respondents. [997 NYS2d 40]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 29, 2013, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury pursuant to Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to

plaintiff's claims of "significant" and "permanent consequential" limitations in use of her cervical spine, and otherwise affirmed, without costs.

Defendants established prima facie that plaintiff did not sustain a serious injury to her cervical spine by submitting their orthopedic expert's report finding, upon examination, a full range of motion in plaintiff's spine (*see Levinson v Mollah*, 105 AD3d 644 [1st Dept 2013]). The orthopedist was not required to review plaintiff's MRI films or reports (*see Abreu v NYLL Mgt. Ltd.*, 107 AD3d 512 [1st Dept 2013]).

In opposition, plaintiff raised triable issues of fact through her expert's report, which included an affirmation stating that plaintiff sustained objective medical injuries and deficits of range of motion and opining that the injuries were causally related to the subject motor vehicle accident (*see Young Kyu Kim v Gomez*, 105 AD3d 415 [1st Dept 2013]; *Barhak v Almanzar-Cespedes*, 101 AD3d 564, 565 [1st Dept 2012]).

Defendants argue that plaintiff failed to present any explanation for the two-year gap in her treatment, which amounted to a cessation of treatment. However, as they first raised this issue in their reply affirmation in support of the motion, it is not properly before us (*see Mulligan v City of New York*, 120 AD3d 1155 [1st Dept 2014]).

Plaintiff failed to raise an issue of fact in opposition to defendants' prima facie showing that she did not sustain a 90/180-day injury. Defendants relied on plaintiff's affidavit stating that she missed about two months of work and her expert physician's affirmed report stating that she returned to "limited duty" work two weeks after the accident and remained working thereafter (*see Tsamos v Diaz*, 81 AD3d 546 [1st Dept 2011]). Concur—Tom, J.P., Renwick, Andrias, DeGrasse and Kapnick, JJ.