■ DAVID SANTANA, Respondent, v MTA BUS COMPANY et al., Respondents, UNITED PARCEL SERVICE, INC., Appellant/Third-Party Defendant-Appellant. MTA BUS COMPANY et al., Third-Party Plaintiffs-Respondents. [33 NYS3d 901]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 15, 2016, which denied defendant/third-party defendant United Parcel Service, Inc.'s (UPS) motion for summary judgment dismissing the complaint, cross claims and third-party complaint against it, unanimously affirmed, without costs.

Defendant UPS argues that, although its truck was parked in a no-standing zone in violation of 34 RCNY 4-08 (a) (3) at the time of the accident involving plaintiff's bicycle and defendant MTA's bus, its truck was not a proximate cause of the accident. However, the record presents issues of fact as to how far the UPS truck was protruding into the lane of travel, whether plaintiff swerved toward the bus in an effort to avoid the UPS truck, and whether plaintiff was forced to jump from his bicycle in order to avoid being slammed into the UPS truck as his bicycle was being dragged by the bus. Since a reasonable factfinder could conclude that the accident was a foreseeable consequence of UPS's illegal parking, summary judgment was properly denied (*see Pickett v Verizon N.Y. Inc.*, 129 AD3d 641

[1st Dept 2015]; *White v Diaz*, 49 AD3d 134, 139 [1st Dept 2008]).

We have considered UPS's additional arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Andrias, Webber and Gesmer, JJ.