■ ALEXANDER SANCHEZ, Respondent, v MOHAMMED ALAM et al., Appellants. [41 NYS3d 33]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about September 25, 2015, which granted plaintiff's motion to set aside the jury verdict in favor of defendants and direct a new trial, unanimously reversed, on the law, without costs, and the motion denied. The Clerk is directed to enter judgment in favor of defendants.

The verdict is based on a fair interpretation of the evidence

(see Cohen v Hallmark Cards, 45 NY2d 493 [1978]). Although plaintiff established through the testimony and reports of his radiologist that he sustained a herniated lumbar disc as a result of the motor vehicle accident, the jury could rationally have found that he did not sustain a "permanent consequential" or "significant" limitation in the use of his lumber spine as a result of the accident (see Insurance Law § 5102 [d]). Plaintiff relied on his chiropractor's findings of limitations during examinations conducted in February 2012 and July 2014. However, the records from plaintiff's last day of treatment for the accident, in July 2009, reflect only a minor limitation in flexion (see Licari v Elliott, 57 NY2d 230, 236 [1982]; Nakamura v Montalvo, 137 AD3d 695 [1st Dept 2016]; Dieujuste v Kiss Mgt. Corp., 60 AD3d 514 [1st Dept 2009]), and plaintiff presented no proof reconciling the 2012 and 2014 findings with the 2009 findings (see Acosta v Vidal, 119 AD3d 408 [1st Dept 2014]; Colon v Torres, 106 AD3d 458 [1st Dept 2013]).

As to plaintiff's claimed 90/180-day injury, the testimony of his chiropractor that he was disabled from work for six months is belied by the chiropractor's own office records, and plaintiff presented no other objective medical proof in support of this claim (Toure v Avis Rent A Car Sys., 98 NY2d 345, 357-358 [2002]). Concur—Renwick, J.P., Moskowitz, Kapnick, Kahn and Gesmer, JJ.