OPINION OF THE COURT
Armando Montano, J.
Plaintiff’s motion to reargue and/or renew is denied for the reasons set forth herein.
The instant action arises from a motor vehicle accident that occurred on March 5, 2014, in which plaintiff alleges to have sustained serious injuries. On or about January 27, 2017, defendants filed a motion for summary judgment on the grounds that plaintiff failed to meet the serious injury threshold as required by Insurance Law §§ 5102 (d) and 5104 (a). On June 2, 2017, this court issued a decision and order dismissing the action on two grounds: (1) plaintiff failed to provide an explanation as to the nearly two-year gap in her treatment, and (2) plaintiff failed to address the detailed findings of preexisting degenerative conditions by defendants’ radiologist, Dr. Setton. Plaintiff now moves this court for an order pursuant to CPLR 2221 granting reargument and/or renewal of the summary judgment motion and upon the granting of the motion, an order vacating the decision and order of this court dated June 2, 2017, and restoring the matter to this court’s calendar.
CPLR 2221 provides, in relevant part, as follows:
“(d) A motion for leave to reargue:
“1. shall be identified specifically as such;
“2. shall be based upon matters of fact or law alleg *933 edly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and
“3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. This rule shall not apply to motions to reargue a decision made by the appellate division or the court of appeals.
“(e) A motion for leave to renew:
“1. shall be identified specifically as such;
“2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
“3. shall contain reasonable justification for the failure to present such facts on the prior motion.”
First, as to this court’s prior determination that plaintiff failed to address Dr. Setton’s findings of degenerative conditions, plaintiff argues that this court misapprehended existing case law regarding the issue. Plaintiff contends that existing case law provides that “[a] finding by the plaintiff’s doctors that the injuries are causally related to the accident does implicitly address findings by the defendants’ doctors that the injuries are degenerative.” Thus, plaintiff alleges that plaintiff’s doctors are not required to explicitly address degeneration given that they affirmed that plaintiff’s injuries are causally related to the subject accident. Plaintiff cites Fraser-Baptiste v New York City Tr. Auth. (81 AD3d 878, 879 [2d Dept 2011]) to support her argument. While this court is cognizant that the Appellate Division, Second Department’s case law does indeed support plaintiff’s proposition, this court notes that the First Department has taken a different approach on the same issue. Recent First Department decisions, which are binding on this court, have held that if a defendant submits objective proof that plaintiff’s alleged injuries are degenerative in nature, plaintiff’s doctors must address the issue of causation, especially when plaintiff’s own medical records have an indication that the injuries are degenerative. (Rivera v Fernandez & Ulloa Auto Group, 25 NY3d 1222 [2015]; Alvarez v NYLL Mgt. Ltd., 24 NY3d 1191, 1192 [2015].) Failure to address the causation issue renders plaintiff’s proof insufficient to raise an issue of *934 fact. (Id.) In the instant matter, as indicated in this court’s prior decision and order dated June 2, 2017, plaintiff’s own treating doctor, Dr. Capiola, who first evaluated plaintiff approximately nine days after the subject accident, indicated in his notes that plaintiff’s X rays of the bilateral knee performed on March 13, 2014, “show mild degenerative changes. Negative for fracture.” Thus, there being some indication in plaintiff’s medical evidence that the alleged injuries are degenerative in nature, coupled with the detailed findings of degeneration by defendants’ radiologist, Dr. Setton, plaintiff was required to submit medical evidence to specifically address the issue in order to raise an issue of fact. However, plaintiff failed to do so.
Plaintiff further argues that her alleged incapacitation from her usual daily activities and work for at least 90 days out of the first 180 days immediately following the accident precluded the granting of the summary judgment threshold motion. However, plaintiff’s failure to raise an issue of fact as to causation defeats any potential claim under the 90/180 category of serious injury. (Reyes v Esquilin, 54 AD3d 615, 616 [1st Dept 2008].)
Lastly, as to this court’s prior determination that plaintiff failed to provide an explanation as to her nearly two-year gap in treatment, plaintiff contends that plaintiff “has offered a reasonable excuse.” Attached to plaintiff’s instant moving papers, plaintiff submitted an affidavit explaining, in essence, that she stopped medical treatment because of the cessation of no-fault benefits. While said explanation would ordinarily constitute a “reasonable explanation” (see Young Kyu Kim v Gomez, 105 AD3d 415 [1st Dept 2013]; see also Abdelaziz v Fazel, 78 AD3d 1086 [2d Dept 2010]) to a gap in treatment, said affidavit, which was not sworn to until July 11, 2017, was obviously drafted subsequent to plaintiff’s opposition papers to defendants’ original summary judgment motion, and, therefore, was not made part of plaintiff’s opposition papers. Thus, said affidavit would constitute newly submitted evidence with relation to the instant motion. As such, CPLR 2221 (e) (3) mandates that plaintiff provide a “reasonable justification for the failure to present such facts on the prior motion.” However, plaintiff does not address in her moving papers why the affidavit was not submitted in her opposition papers to defendants’ original motion. Thus, this court cannot consider the newly submitted evidence.
*935 Accordingly, this court finds that there are no grounds to grant plaintiff’s instant motion to reargue and/or renew and therefore it is hereby denied in its entirety.