Pedro Marin, Plaintiff-Respondent,
against
Emmanuel J. Belabe, Defendant-Appellant.



Defendant appeals from a judgment of the Civil Court of the City of New York, Bronx County (Ruben Franco, J.), entered April 6, 2016, upon a jury verdict in favor of plaintiff and bringing up for review an order denying defendant's CPLR 4404 motion to set aside the verdict, awarding plaintiff damages in the principal sum of $150,000.




Per Curiam.
Judgment (Ruben Franco, J.), entered April 6, 2016, reversed, with $30 costs, defendant's motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law granted, and complaint dismissed. The Clerk is directed to enter judgment accordingly.
Based on the evidence presented at trial, and viewing it in the light most favorable to plaintiff, there was no valid line of reasoning and permissible inferences by which a rational jury could have found that plaintiff sustained a serious injury under the 90/180 day category of Insurance Law §5102(d) (see Bacon v Bostany, 104 AD3d 625, 628 [2013]; Hamilton v Rouse, 46 AD3d 514 [2007]; Lomeli v Motor Veh. Acc. Indem. Corp., 26 Misc 3d 133[A], 2010 NY Slip Op 50078[U] [App Term, 1st Dept 2010]). Plaintiff's testimony that he returned to work three weeks following the subject motor vehicle accident, albeit on a part time/light duty basis, defeats his claim that he was unable to perform "substantially all" of his usual and customary daily activities during the relevant time period (Insurance Law § 5102[d]; see e.g. DaCosta v Gibbs, 139 AD3d 487 [2016]; Martin v Portexit Corp., 98 AD3d 63, 68 [2012]; Thomas v City of New York, 99 AD3d 580, 582 [2012], lv denied 22 NY3d 857 [2013]; Lomeli v Motor Veh. Acc. Indem. Corp., 26 Misc 3d 133[A]). Further, the claimed restrictions in his usual and customary activities are unsupported by objective medical evidence (see Sanchez v Alam, 144 AD3d 485, 486 [2016]; Mitchell v Calle, 90 AD3d 584, 585 [2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 24, 2018