Morales v Cabral (2019 NY Slip Op 08516)





Morales v Cabral


2019 NY Slip Op 08516


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10433 21130/15E

[*1] Marisol Morales, Plaintiff-Respondent,
v
Cesar Cabral, Defendant, Elsie Morales, Defendant-Appellant.


Thomas Torto, New York (Jason Levine of counsel), for appellant.
Law Offices of Stuart M. Kerner, P.C., Bronx (Stuart M. Kerner of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about April 12, 2018, which, to the extent appealed from, denied defendant Morales's motion for summary judgment dismissing the complaint as against her on the threshold issue of serious injury under Insurance Law § 5102(d), unanimously modified, on the law, to grant the motion as to the claims of "permanent consequential" injury to the cervical and lumbar spine, serious injury to the left shoulder, and a 90/180-day injury, and, upon a search of the record, to grant summary judgment to defendant Cabral to the same extent, and otherwise affirmed, without costs.
Defendant Morales established prima facie that plaintiff did not sustain a serious injury to her cervical spine, lumbar spine or left shoulder in the June 2014 automobile accident through the reports of physicians who examined plaintiff and found no indications of limitations in use of the subject body parts. Although one examiner measured limitations in motion, she opined that these were subjective and unrelated to any objective evidence of injury (see Macdelinne F. v Jimenez, 126 AD3d 549, 551 [1st Dept 2015]). Morales also submitted radiologists' reports finding either no injury or preexisting conditions and an emergency room medical expert's finding that plaintiff's post-accident complaints and treatment were inconsistent with her claims (see De La Rosa v Okwan, 146 AD3d 644 [1st Dept 2017], lv denied 29 NY3d 908 [2017]). Morales further relied on records of plaintiff's primary care physician, which reflect no contemporaneous complaints by plaintiff and show that plaintiff had a normal range of motion a year after the accident (see Perl v Meher, 18 NY3d 208, 217-218 [2011]). The physician's records also show that plaintiff ceased treating at that time (see Pommells v Perez, 4 NY3d 566, 574 [2005]).
In opposition, plaintiff submitted no objective physical findings to support her claim that she suffered any limitations in use of her left shoulder (Henchy v VAS Express Corp., 115 AD3d 478, 479 [1st Dept 2014]). As to her cervical and lumbar spine injuries, plaintiff submitted admissible reports of her radiologist and treating chiropractor. The radiologist opined that the MRIs showed herniated discs and no evidence of degeneration, which, given the absence of evidence of preexisting conditions in plaintiff's own medical records, is sufficient to rebut the findings of defendant Morales's radiologist (see Hayes v Gaceur, 162 AD3d 437 [1st Dept 2018]; Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). The chiropractor's report also provided evidence of contemporaneous treatment of plaintiff's claimed injuries and of limitations in range of motion shortly after the accident (see Bonilla v Vargas-Nunez, 147 AD3d 461 [1st Dept 2017]), as well as one year later and recently.
However, neither plaintiff's affidavit nor her chiropractor's report provided a reasonable explanation for her complete cessation of treatment about one year after the accident "even though she had health insurance and saw a regular primary care doctor" (see Bogle v Paredes, [*2]170 AD3d 455, 455 [1st Dept 2019]). The cessation of treatment is particularly noteworthy because plaintiff continued to see her primary care physician after June 2015, and the physician found full range of motion at examinations in August 2015 and July 2016. Thus, plaintiff's own medical records show both that she was able to continue seeing a doctor after No Fault benefits ceased and that she no longer had symptoms related to her alleged injuries, and plaintiff's chiropractor failed to explain the conflict between these facts and his findings (see Acosta v Vidal, 119 AD3d 408 [1st Dept 2014]; Jno-Baptiste v Buckley, 82 AD3d 578 [1st Dept 2011]). Thus, plaintiff failed to raise an issue of fact as to whether she sustained a permanent injury to her cervical or lumbar spine as a result of the accident. However, her medical submissions are sufficient to raise an issue of fact as to whether she sustained a "significant limitation of use" injury (see Holmes v Brini Tr. Inc., 123 AD3d 628, 629 [1st Dept 2014]; see also Vasquez v Almanzar, 107 AD3d 538, 539 [1st Dept 2013] ["a significant limitation need not be permanent in order to constitute a serious injury"] [internal quotation marks omitted]).
Morales established prima facie that there was no 90/180-day injury by submitting plaintiff's own testimony that she returned to work the day after the accident for one month (see Anderson v Pena, 122 AD3d 484, 485 [1st Dept 2014]; see also Tsamos v Diaz, 81 AD3d 546 [1st Dept 2011]). Plaintiff's submissions failed to raise an issue of fact.
If a jury determines that plaintiff has met the threshold for serious injury, it may award damages for any injuries causally related to the accident, including those that do not
meet the threshold (Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]).
Although defendant Cabral did not appeal from the denial of his motion for summary judgment, Morales having demonstrated that plaintiff cannot meet the threshold for serious injury as to her claims of "permanent consequential" injury to the cervical and lumbar spine, serious injury to the left shoulder, and a 90/180-day injury, we grant summary judgment to that degree to defendant Cabral as well (see Lall v Ali, 101 AD3d 439 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK