Deneen v Bucknor (2019 NY Slip Op 08775)





Deneen v Bucknor


2019 NY Slip Op 08775


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


10501 307601/10

[*1] David M. Deneen, Plaintiff-Appellant,
v
Wilson A. Bucknor, et al. Defendants-Respondents.


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel for appellant.
Galvano & Xanthakis, P.C., Staten Island (Matthew Kelly of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about November 15, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claims of serious injury to his cervical and lumbar spine and his 90/180-day claim within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Plaintiff alleged that, as a result of an accident involving defendants' vehicle, he sustained injury to his cervical and lumbar spine, and other consequential injuries. The record shows that defendants established prima facie entitlement to judgment as a matter of law that plaintiff's spinal conditions were preexisting and degenerative in nature through the expert report of their radiologist, as well as the MRI reports of plaintiff's own radiologist, who noted degeneration and an encroaching spur in the cervical spine and found "[n]o acute process" in the lumbar spine (see Ortiz v Boamah, 169 AD3d 486 [1st Dept 2019]; Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509 [1st Dept 2014], affd 25 NY3d 1222 [2015]).
In opposition, plaintiff failed to raise an issue of fact as to the causal connection between his spinal condition and the accident because his physicians provided conclusory opinions without addressing the evidence of degeneration in his own medical records and explaining why his symptoms were not related to the preexisting conditions (see Rivera at 509-510). Plaintiff's failure to raise an issue of fact as to whether his spinal conditions were causally related to the accident means that he cannot recover for them. (See Hojun Hwang v Doe, 144 AD3d 507 [1st Dept 2016].
Furthermore, the court properly dismissed plaintiff's 90/180-day claim in view of plaintiff's testimony that he returned to work on a light duty basis two weeks after the accident, and continues to work (see Anderson v Pena, 122 AD3d 484 [1st Dept 2014]; Pakeman v Karekezia, 98 AD3d 840, 841 [1st Dept 2012]). Plaintiff's statements, that he has significant restrictions in performing his usual activities and hobbies, are unsupported by the objective [*2]medical evidence (see Mitchell v Calle, 90 AD3d 584, 585 [1st Dept 2011]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK