Fischer v American Biltrite, Inc. (2020 NY Slip Op 03277)





Fischer v American Biltrite, Inc.


2020 NY Slip Op 03277


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Oing, JJ.


190271/16 11633A 11633

[*1] Dona Fischer, etc., et al., Plaintiffs-Appellants,
v
American Biltrite, Inc., et al., Defendants, Burnham LLC, Defendant-Respondent.


The Gori Law Firm P.C., New York (Kyle A. Shamberg of counsel), for appellants.
Clyde & Co US LLP, New York (Thomas G. Carruthers of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about March 20, 2019, which granted defendant Burnham's motion for summary judgment dismissing the complaint against it, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered on or about June 10, 2019, insofar as it denied plaintiffs' motion to renew, unanimously dismissed, without costs, as moot.
In connection with a motion for summary judgment in an action based on exposure to asbestos, defendant has the initial burden of showing "unequivocally" that its product could not have contributed to the causation of decedent's asbestos-related injury (see Shanahan v Aerco Intl., Inc., 172 AD3d 534 [1st Dept 2019]; see also Matter of New York City Asbestos Litig., 116 AD3d 545 [1st Dept 2014]).
Defendant Burnham failed to sustain its initial burden of demonstrating that its products could not have contributed to decedent's mesothelioma. Decedent's testimony identified defendant as the manufacturer of greenhouses in which he worked and cited three possible sources of asbestos: transite benches in the greenhouses, window glazing and the greenhouse boiler. Burnham provided no evidence demonstrating that its products could not have been the source of the asbestos that caused decedent's illness. It only pointed to gaps in plaintiffs' proof, which was insufficient to meet its burden (see Ricci v A.O. Smith Water Prods. Co., 143 AD3d 516 [1st Dept 2016]). Even if the burden had shifted, plaintiffs' evidence in opposition raised an issue of fact as to whether Burnham had sold, distributed, and recommended asbestos-containing products such as those used in plaintiffs' family's gardening business. While hearsay, that evidence could be considered by the court since it was not the sole basis of the opposition (see Long v Taida Orchids, Inc, 117 AD3d 624, 625 [1st Dept 2014]).
Alternatively, even if the summary judgment motion had been properly granted, the court should have granted leave to renew in the interests of fairness and justice since plaintiffs presented an affidavit of decedent's estranged brother, which supplied crucial evidence linking [*2]decedent's illness to Burnham's products.
We have considered defendant Burnham's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK