Dong v Cruz-Marte (2020 NY Slip Op 07699)





Dong v Cruz-Marte


2020 NY Slip Op 07699


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 23584/17E Appeal No. 12701 Case No. 2020-01914 

[*1]Xuezhen Dong etc., et al., Plaintiffs,
v
Delvin J. Cruz-Marte et al., Defendants-Respondents, Wenhua Sung et al., Defendants-Appellants, West Side Laundry, et al., Defendants.


Keane & Bernheimer, PLLC, Valhalla (Michalina N. Shuter of counsel), for appellants.
Marshall Dennehey Warner Coleman & Goggin, P.C., Purchase (Steven B. Saal of counsel), for Delvin J. Cruz-Marte, respondent.
Foster & Mazzie, LLC, New York (Jennifer L. Sanyshyn of counsel), for Keystone Freight Corporation & Mystic Island Transport, Inc., respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered September 25, 2019, which denied defendants Wenhua Sung and Gloria Y. Sung's motion for summary judgment dismissing all claims against them, unanimously affirmed, without costs.
Plaintiffs' decedent was riding his bicycle when he had to cycle around a vehicle stopped in the right lane and was hit by a passing tractor-trailer. The stopped vehicle was owned by defendant Gloria Y. Sung and operated by defendant Wenhua Sung (Sung defendants). The tractor-trailer was owned by defendants Keystone Freight Corporation and Mystic Island Transport, Inc. and operated by defendant Delvin J. Cruz-Marte.
The Sung defendants' motion for summary judgment dismissing all claims against them was properly denied.
Issues of fact exist with respect to whether Wenhua Sung negligently obstructed traffic with his vehicle based on his own testimony, in which he admitted that he was issued a ticket for obstructing a lane of traffic (see Delgado v Martinez Family Auto, 113 AD3d 426, 427 [1st Dept 2014]), as well as that of Cruz-Marte, who testified that a vehicle was "double-parked," although he was not sure what that vehicle looked like.
This evidence was sufficient to raise issues of fact regarding Sung's negligence, even absent proof of Sung's purported contemporaneous admissions to police that he was double-parked. Those admissions may also, however, be properly considered. Even if they are hearsay, they were offered in opposition to a motion for summary judgment and were not the only evidence submitted (see Yassin v Blackman, 188 AD3d 62, 67 [2d Dept 2020]; Fischer v American Biltrite, Inc., 184 AD3d 446, 446 [1st Dept 2020]).
Issues of fact also exist with respect to whether the Sung defendants' negligence proximately caused the accident, as a jury could reasonably find that a bicyclist swerving and being hit by a passing vehicle was a reasonably foreseeable consequence of double-parking or obstructing a lane of traffic (see Santana v MTA Bus Co., 141 AD3d 440, 440 [1st Dept 2016]; Theodorou v Perry, 129 AD3d 1056, 1057-58 [2d Dept 2015]; White v Diaz, 49 AD3d 134, 138-40 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020