| |
|---|
| **Smajlaj v Jordan** |
| 2024 NY Slip Op 30358(U) |
| February 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150592/2020 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** <u>**HON. JAMES G. CLYNES**</u> | **PART** **22M** |

*Justice*

-----------------------------------------------------------------------X

ZEF N. SMAJLAJ, LENA SMAJLAJ

Plaintiffs,

\- v -

SHEILA J. JORDAN, CORINNE M. BENSON,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>150592/2020</u> |
| **MOTION DATE** | <u>09/23/2022</u> |
| **MOTION SEQ. NO.** | <u>001</u> |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56

were read on this motion to/for <u>JUDGMENT - SUMMARY</u>.

Upon the foregoing documents and following oral argument, the motion by Defendant Sheila J. Jordan for summary judgment on the grounds that Plaintiff Zef N. Smajlaj's (Plaintiff) claimed injuries do not satisfy the serious injury threshold under Insurance Law 5102 (d) are decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a July 6, 2018 motor vehicle accident. Plaintiff's Bill of Particulars alleges injuries to his cervical spine, lumbar spine, bilateral shoulders, and left wrist and that these injuries fall within the categories set forth under Insurance Law 5102 (d). Specifically, Plaintiff alleges an intra-articular fracture of the left wrist.

In support of her motion, Defendant Jordan relies on the affirmed Independent Medical Examination report by Dr. John L. Xethalis, orthopedic surgeon, and the affirmed independent radiological interpretation of Dr. Marc J. Katzman, radiologist.

Dr. Xethalis examined Plaintiff on January 27, 2022, and concluded that as a result of the accident, Plaintiff suffered from cervical spine, lumbar spine, bilateral shoulders, and left wrist sprains/strains, all of which are resolved. Plaintiff's range of motion was measured with a goniometer using normal values according to AMA Guidelines, and Dr. Xethalis found normal range of motion with negative objective tests as to Plaintiff's cervical spine, lumbar spine, right shoulder, left shoulder, left wrist, and left hand. Dr. Xethalis noted that Plaintiff aggravated his underlying degenerative disease of the cervical spine and lumbar spine at the time of the accident.

150592/2020 SMAJLAJ, ZEF N. vs. JORDAN, SHEILA J.
Motion No. 001

Page 1 of 4

[* 1]

Within a reasonable degree of medical certainty, Dr. Xethalis found no orthopedic residuals, no evidence of permanency, and no functional impairment.

Dr. Katzman undertook an independent radiological review of the X-Rays of Plaintiff's left knee, left shoulder, and left wrist all taken on July 16, 2018. With regard to the left knee, Dr. Katzman found no evidence of recent fracture or dislocation deformity and noted mild to moderate pre-existing chronic tricompartmental degenerative osteoarthritis. With regard to the left shoulder, Dr. Katzman found no evidence of recent fracture or dislocation injury, but he observed pre-existing subacromial impingement configuration, due to a laterally down-sloping acromion process with subacromial bone spur formation. With regard to the left wrist, Dr. Katzman found no visible recent-appearing fracture or dislocation deformity, but he observed a chronic-appearing posttraumatic deformity of the distal radius, suggestive of an old remote fracture injury and a pre-existing high-grade degenerative osteoarthritis of the basal joint of the thumb and there are pre-existing degenerative fibrocystic changes within the lunate bone.

Defendant Jordan has met her initial burden of establishing that Plaintiff did not sustain serious injuries as a result of the subject accident under Insurance Law 5102 (d) (*Perez v Rodriguez*, 25 AD3d 506 [1st Dept 2006]).

In opposition, Plaintiff relies on the affirmed narrative report of Dr. Keyan Ma as well as the certified treatment records from Keyan Ma, MD, the affirmations of Dr. Laurie S. Sanchez, radiologist, and the affirmed MRI review report by Dr. Thomas Kolb.

Dr. Ma initially examined Plaintiff on July 13, 2018, and treated him until July 14, 2021, with subsequent visits in 2022. The medical records submitted show restrictions in range of motion to the areas where Plaintiff alleges injuries and positive objective tests. Dr. Ma's narrative report from Plaintiff's November 17, 2022 examination details that Plaintiff's range of motion was measured with a goniometer and that Plaintiff still exhibits limitation in range of motion of his cervical spine, lumbar spine, and left shoulder. Dr. Ma reported positive Neer's and Hawkin's tests as to Plaintiff's left shoulder, positive Guyon's Tunnel and Phalen's tests as to Plaintiff's bilateral wrists, and positive Kemp's test as to Plaintiff's lumbar spine.

Dr. Ma reviewed both the 2018 X-Rays and MRIs. Similar to the findings of Dr. Katzman upon review of Plaintiff's July 16, 2018 X-Rays, Dr. Ma noted signs of osteoarthritis as to Plaintiff's left knee and subacromial spurs on Plaintiff's left shoulder. However, Dr Ma concluded that these conditions were exacerbated by the subject accident.

150592/2020 SMAJLAJ, ZEF N. vs. JORDAN, SHEILA J.
Motion No. 001

Page 2 of 4

2 of 4

With regard to Plaintiff's left wrist, in his review of the July 16, 2018 X-Ray, Dr. Ma noted a healed to healing intra-articular fracture of the distal radius of Plaintiff's left wrist. Similarly, Dr. Kolb reported a complete comminuted intra-articular fracture of the distal radius in Plaintiff's left wrist in his review of Plaintiff's July 16, 2018 X-Ray.

Dr. Ma also reported that Plaintiff's left wrist injury was caused by the subject motor vehicle accident and that the remaining injuries Plaintiff sustained during the subject motor vehicle accident accelerated the progression of his conditions. With regard to the severity of these multiple degenerative conditions which are progressive conditions, Dr. May reported that they may now be considered chronic and have progressed more rapidly due to the subject accident. Dr. Ma further reports that Plaintiff suffers from a disability as he cannot continue in full capacity of his occupation and may not continue activities of daily living at full capacity without limitations or restrictions.

In reply, Defendant Jordan contends that the contemporaneous left wrist X-Ray did not conclusively establish that Plaintiff fractured his left wrist in the accident, and as such Plaintiff has failed to establish causation of this alleged injury.

By relating Plaintiff's injuries to the accident, Plaintiff's physicians raised triable issues of fact (*Williams v Perez*, 92 AD3d 528, 529 [1st Dept 2012]; *McIntosh v Sisters Servants of Mary*, 105 AD3d 672 [1st Dept 2013]).

With regard to the final category claimed under Insurance Law 5102 (d), 90/180 days, a plaintiff must submit objective medical evidence to establish a claim, namely that s/he was prevented from performing substantially all usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*Elias v Mahlah*, 58 AD3d 434 [1st Dept 2009]). Here, Plaintiff's Bill of Particulars alleges that he was confined to his bed for approximately two weeks and confined to his home for approximately two weeks. Plaintiff testified that he did not miss any days from work, he is unable to golf or do work on the house such as tiling and flooring, and is no longer able to contribute to housework as he used to. Plaintiff's subjective claims of pain and his unsubstantiated claim that he was unable to perform his customary daily activities during the relevant period following the accident are insufficient to raise a triable issue of fact with respect to his 90/180 days serious injury claim (*Copeland v Kasalica*, 6 AD3d 253, 254 [1st Dept 2004]). Thus, Defendant's motion for summary judgment is granted under the 90/180 days category only.

150592/2020  SMAJLAJ, ZEF N. vs. JORDAN, SHEILA J.
Motion No. 001

Page 3 of 4

3 of 4

Accordingly, it is

**ORDERED** that the motion by Defendants for summary judgment and dismissal of Plaintiff's complaint is DENIED except as to Plaintiff's claim of serious injury under the 90/180 days category of Insurance Law 5102 (d); and it is further

**ORDERED** that any requested relief not specifically addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 2/1/2024 | | JAMES G. CLYNES, J.S.C. |
| :---: | | :---: |
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☐ GRANTED  ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**150592/2020  SMAJLAJ, ZEF N. vs. JORDAN, SHEILA J.**
Motion No.  001

Page 4 of 4

4 of 4